## FITZGERALD et al. v. CITY OF DALLAS.
### No. 10733.

Court of Civil Appeals of Texas. Dallas.

Dec. 20, 1930.

Rehearing Denied Jan. 24, 1931.

A. S. Jackson and D. W. Bowser, both of Dallas, for appellants.

Jas. J. Collins, City Atty., A. A. Long, H. P. Kucera, W. Hughes Knight, and A. J. Thuss, Asst. City Attys., all of Dallas, for appellee.

VAUGHAN, J.

Appellee, under the law of eminent domain, on September 1, 1926, instituted proceedings against appellants, W. D. Fitzgerald and Mrs. W. D. Fitzgerald, to condemn an easement for a sewer line across certain real estate of appellants situated in Dallas county. The judge of the court below, on said date, appointed special commissioners, as required by law, to determine the damages that would be caused to appellants' land by the taking of the part thereof so sought to be condemned. On September 13, 1926, said petition, with appointments thereunder, was filed with the clerk of said court, and on September 13, 1926, said commissioners filed their decision with the county judge, assessing the damages that would arise to the lands and property of appellants by said condemnation at $150. On September 18, 1926, appellants duly filed their objections to, and appealed from, the award of said commissioners. Of said objections it is only necessary to review No. 2, viz., "because the award of $150 was wholly insufficient compensation for the property taken and the damages to the remainder of appellants' property." Citation to appellee was issued on said appeal August 20, 1929, and served August 21, 1929. Appellee's motion to dismiss appellants' objections filed September 18, 1926, to the decision of the commissioners, on the ground that "said defendants wholly failed and refused to have notice and citation issued and served upon the City of Dallas required by article 3266, subd. 6 (R. S. 1925), as required by law, and served upon the City of Dallas until the 21st day of August, 1929, almost three years after the time provided therefor by statute," was overruled. The court sustained appellee's general demurrer urged to said objections, and, appellants refusing to amend, the court entered its judgment dismissing said objections, approving and making the report of said commissioners the judgment of the court, from which this appeal was duly prosecuted.

Appellee contends that the court erred in overruling its motion to dismiss appellants' objections, on the grounds: (a) "For said objections to be effective to preserve a trial de novo in the court below, and to prevent the running of the ten day limitation period, it was necessary that appellee be cited to appear before said court for trial, as in other cases"; and (b) because appellants failed to perfect their appeal, in that "they did not pray for citation to issue on filing their objections to the award of said special commissioners, and did not cause citation to be issued and served on appellee until three years had expired."

On the filing by appellee of its statement (in effect a petition), under article 3264, R. S. 1925, with the judge of the county court, the jurisdiction of that court did not then attach; the subject-matter thereby to be determined not being within its constitutional jurisdiction to hear and determine causes of action. Article 5, § 16, Texas Constitution. Jurisdiction from that time was to be exercised only by the special tribunal, provided for and author-

ized to be organized by subdivisions 1 and 2, art. 3264, supra, viz., the appointment by the county judge of three disinterested free holders as special commissioners to assess the damages sustained by reason of such condemnation.

All proceedings from the date of the qualification of said appointees up to and including the filing of their decision with the county judge were had exclusively before, and determined by, them. The authority of said commissioners ceased on the filing of their decision, and the authority of the county judge was to be exercised under subdivision 7 of article 3266, R. S. 1925, viz.: if no objections to the decision had been filed as authorized by subdivision 6 of article 3266, within ten days after the filing of said decision, to "cause said decision to be recorded in the minutes * * * and * * * make the same the judgment of the [county] court," thus a final judgment would have been rendered disposing of said condemnation proceedings.

■ The filing of objections by appellants, however, prohibited the proceedings so authorized by said subdivision 7, and converted the "statement" filed by appellee into a cause of action to "be tried and determined as in other civil causes in the county court." Therefore appellants did not, by the filing of their objections, institute a suit, but only removed the proceedings to condemn their property from the effect of the decision of the special tribunal to a regularly constituted law court to have the damages sustained by reason of the condemnation of their land adjudicated in the county court according to the established forms of regular court procedure. City of Dallas et al. v. Crawford et al. (Tex. Civ. App.) 222 S. W. 305. To thus invoke the jurisdiction of the county court it was necessary that appellants should, as they did do, file with the county judge, within ten days after the decision of the commissioners was filed with him, their objections thereto in writing; and, in order for the county court to proceed, to hear and determine the cause as in other civil cases, it was necessary that citation be duly issued and served upon appellee, or that appellee should make a voluntary appearance. Article 2050, R. S. 1925; Ft. Worth & D. C. Ry. Co. v. Lamphear & Sanders, 1 White & W. Civ. Cas. Ct. App. page 127, § 308.

The provisions of said subdivision 6, supra, "* * * and thereupon the adverse party shall be cited," only provides for the issuance and service of process on the adverse party to the condemnation proceedings in the same manner and form as citation is required to be issued and served in other civil causes, and is not in any respect, as contended for by appellee, to be construed as a condition precedent to be complied with by a party dissatisfied with the decision, in order for the objections so filed to confer jurisdiction upon the county court to try and determine the issue created by the filing of same. The period of time in which objections are required to be filed, by said subdivision 6, bears no relation to the provisions of subdivision 7, as said subdivision 7 authorizes the decision of the commissioners to be made the judgment of the county court, if no objections are filed within ten days after same has been filed with the county judge. The state of facts upon which appellee based its motion would not support a plea of limitation, for the reasons above set out, but would be applicable to a plea of abandonment presenting an issue of fact, but not of law. We therefore hold that the trial court did not err in overruling said motion.

■ As to the general demurrer, we think same was improperly sustained. The filing of objections by appellants joined issue with appellee upon the facts pleaded by it, and the sufficiency of the award of the special commissioners was the real question presented by said objections. The law designates the damages that the owner of property condemned shall have the right to recover, viz. the value of the land taken and the injury to the remaining portion caused "by reason of the condemnation of the property and its employment for the purpose for which it is to be condemned." Under the eminent domain statute title 52, R. S. 1925 (articles 3264–3271), the right of the owner of property condemned thereunder to recover as compensation the value of the land taken and damages for the injury that will result to the remainder of such property belonging to such owner is absolutely provided for and definitely secured to him, and leaves only, as an issue of fact to be determined, the value of the land taken and the measure or amount of the damages sustained to that portion of the land not taken; therefore there could exist no reason for, or useful purpose to be served by, requiring the owner of property sought to be condemned to specifically allege the damages sustained, or to particularize the elements of damages produced by such condemnation proceedings. Article 3265, R. S. 1925; Rev. Stats. art. 3266, subd. 6; Choctaw, O. & T. Ry. v. True, 35 Tex. Civ. App. 309, 80 S. W. 120; Dallas, P. & S. E. Ry. v. Day et al., 3 Tex. Civ. App. 353, 22 S. W. 538; Wichita Falls & W. Ry. v. Wyrick (Tex. Civ. App.) 158 S.W. 570. The judgment of the court below is therefore reversed and remanded for further proceedings.

Reversed and remanded.