FORT WORTH AND DENVER NORTHERN RAILWAY COMPANY V. R. E. JOHNSON.

No. 6405. Decided July 10, 1935.
Rehearing overruled October 2, 1935.
(84 S. W., 2d Series, 232.)

*Cook, Smith, Teed, Sturgeon & Wade, of Pampa,* for plaintiffs in error.

It was error for the trial court to permit defendant to open and close the argument of the case. Stephens County v. McCammon, 122 Texas, 148, 52 S. W. (2d) 53; Crisman v. Graham, 51 Texas, 454.

*Willis, Studer & Studer* and *Newton P. Willis,* all of Pampa, for defendants in error.

Defendant had the right to open and close the argument. Central P. & L. Co. v. Mauritz, 7 S. W. (2d) 937; Hopkins Co. 1. Imp. Dist. v. Hooten, 252 S. W., 325; Gulf, C. & S. F. Ry. Co. v. Brugger, 24 Texas Civ. App., 367, 68 S. W., 68.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

This is a condemnation proceeding. It was originally instituted by the Railway Company against R. E. Johnson, the land owner, Albert McAnally, the owner of a surface lien, Southwestern Life Insurance Company, which claimed a lien upon the land sought to be condemned, and other parties claiming some mineral interest in the land. The purpose of the proceeding was to acquire a right of way for railroad purposes. The statement filed by the Railway Company appears to be in conformity with the requirements of the statute. The proceedings up to the time of the making of report by the commissioners were in substantial compliance with the law. By their report the commissioners awarded to Johnson, the land owner, damages in the sum of $608.00, and to McAnally $35.50. Presumably none of the other parties were in any manner damaged, as no award was made in their favor and they filed no objections to the report. McAnally filed no objections and presumably accepted the $35.50.

Johnson alone filed exceptions to the report. The Railway Company accepted service and filed its answer. No citation was served on any of the other parties. No objection was made in the county court because of the failure to serve them, and the parties (Railway Company and Johnson) proceeded on the theory that they themselves were the only proper and necessary parties to the proceeding in the county court. On appeal to the Court of Civil Appeals the Railway Company urged for the first time that the failure to give notice to the other parties, after objections to the report had been filed by Johnson, resulted in the county court failing to acquire jurisdiction of the cause. Without a discussion of the matter we hold that the giving of notice to the parties who were satisfied with the award of the commissioners and who made no objection thereto, was not a jurisdictional prerequisite. The award as to them became final. See Fort Worth & D. C. Company v. Judd, 4 S. W. (2d) 1032 and Fitzgerald v. City of Dallas, 34 S. W. (2d) 682. As the case will be remanded on another ground, in the event of another trial, all parties defendant other than Johnson will no doubt file such stipulation as was filed by them in the Court of Civil Appeals; and the Court should enter judgment formally disposing of all parties.

In the county court the Railway Company as plaintiff proved all the essential facts necessary to entitle it to condemnation of the land in question, and proceeded to offer evidence as to benefits and damages. This evidence tended to support the report of the commissioners on the question of damages. After

the Railway Company rested, Johnson as defendant offered proof in support of his contention that the damages were much larger than the amount awarded by the commissioners. The Railway Company then offered evidence in rebuttal on the question of damages and benefits. At the conclusion of all of the testimony the defendant Johnson filed a statement to the effect that he admitted that the Railway Company had a right to condemn the land in question, and that the only issue in the case was the question of damages; that he admitted that the burden of proof was on him as to the question of damages. He then demanded the right to open and conclude the argument and this was granted him over objections by the Railway Company. The judgment, based upon a finding of the jury, was entered in the county court in favor of defendant Johnson for $1850.60, with interest and all costs of suit. The Railway Company appealed and the judgment of the trial court was affirmed by the Court of Civil Appeals. 53 S. W. (2d) 163.

In his brief in the Court of Civil Appeals defendant Johnson made the following concession:

"It will be observed, however, that the admission does not have the requisites of Rule 31, and was not made until the conclusion of the evidence, and, therefore, appellee Johnson brings this case before the Court for affirmance upon the single proposition that the burden of proof upon the whole case was upon the said appellee, R. E. Johnson, under Article 2183."

1, 3   It follows, therefore, that if on the whole case as it stood when the parties proceeded to trial in the county court the burden of proof rested on the Railway Company, notwithstanding the burden of proof as to the matter of damages was upon the defendant, then it was error to allow the defendant to open and close the argument to the jury. By subdivision 6 of Article 3266 of the Revised States it is provided that if either party be dissatisfied with the decision of the commissioners, such party may within ten days after the same has been filed with the county judge file his objection thereto in writing, setting forth the grounds of his objection, and thereupon the adverse party shall be cited, and the cause shall be tried and determined as in other civil causes in the county court. While it may be true that the filing of objection to the award of the commissioners may not have had the effect of vacating the award entirely as to the parties who accepted its terms (Railway Company v. Judd, supra), nevertheless the filing of the objections by Johnson, and the answer of the Railway Company thereto, certainly had the effect of vacating the

award as to them to such extent that it could not be made the basis of a final judgment as is provided for in subdivision 7 of Article 3266, when no objection is filed within ten days. Fitzgerald v. City of Dallas, supra. This being true, it is evident that the provision to the effect that "the cause shall be tried and determined as in other civil causes" means that, in the absence of an admission such as is contemplated by District Court Rule 31, or in the absence of express allegations and admissions in the pleadings which obviate the necessity therefor, the plaintiff must make proof of all the essentials necessary to show a right to condemnation. For this reason our courts have almost uniformly held that the burden of proof in a proceeding of this kind is on the whole case upon the plaintiff. Ft. Worth & R. G. Ry. Co. v. Culver, 14 S. W., 1013; Gulf C. & S. F. Ry. Co. v. Ross, 16 S. W., 536; City of San Antonio v. Fike, 211 S. W., 639; Central Power & Light Company v. Mauritz, 7 S. W. (2d) 937. The apparent exception to this rule is found in cases where there was an express agreement made in advance of the trial, or the pleadings were clearly susceptible of a construction which limited the sole question for trial to one of the amount of damages. In the present case defendant did not in his pleadings make any admission as to the right of plaintiff to condemn the land, or that it had taken all steps necessary to condemn same, but on the contrary contested the validity of the appointment of the commissioners. The pleading cannot be construed as an admission of plaintiff's right to condemn and as an elimination of all questions at issue except the one question of damages. In a case of this kind, in the absence of pleadings which clearly admit the right of plaintiff to condemn, or in the absence of an admission to that effect filed as provided by Rule 31, the burden on the whole case rests upon the plaintiff until the essentials necessary to show a right to condemn are proven, and the shifting of the burden to the defendant on the question of damages will not give him the right to open and close the argument. Apparently counsel for defendant realized that such was the correct rule, otherwise the filing of the belated admission was meaningless.

4 By cross assignment defendant complains of the action of the county judge in appointing certain commissioners, after he and a representative of the Railway Company had agreed upon certain other parties to be appointed. If this was erroneous we do not think it was sufficient to invalidate the whole proceeding, and as defendant has full opportunity to contest the

award of the commissioners on the question of damages, we do not see how he can be injured.

The judgments of the trial court and of the Court of Civil Appeals are hereby set aside and the cause is reversed and remanded.

Opinion adopted by Supreme Court July 10, 1935.

Rehearing overruled October 2, 1935.