**DENTON COUNTY, Appellant.**

**v.**

**G. H. BRAMMER, Jr., et ux., Appellee.**

**No. 16254.**

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 20, 1961.

Coleman & Whitten and Earl L. Coleman, Denton, for appellant.

Gerald E. Stockard, Denton, for appellee.

MASSEY, Chief Justice.

This is an appeal by the condemnor in condemnation proceedings from a judgment of the trial court awarding damages, plus interest, to those whose property had been taken under the statutes of eminent domain.

Judgment is reformed so as to delete the interest awarded therein, and as reformed the judgment is affirmed.

Under Vernon's Ann.Civ.Tex.St. Title 52, "Eminent Domain", Art. 3266, "General Provisions", it is provided that where

either the condemnor or condemnee is dissatisfied with the award of the special commissioners appointed for and fixing the value of the condemned property, "* * * such party may within ten days after the same has been filed with the county judge file his objection thereto in writing, setting forth the grounds of his objection, *and thereupon the adverse party shall be cited and the cause shall be tried and determined as in other civil causes in the county court.*" (Emphasis supplied.)

Appellant/condemnor predicates its position upon the appeal on the phrase emphasized in the paragraph preceding. It says that when the condemnee is dissatisfied with the award of the commissioners and files his objection thereto in writing, thus converting the action into a "cause pending" in the county court, he becomes the complainant. As such, says appellant/condemnor, the burden is incumbent upon him to cause citation to issue as in other causes. Furthermore, says appellant/condemnor, when such a condemnee so commits himself by subsequent action (including the withdrawal from the depository of the court the amount deposited by the condemning authority upon entry into possession of the property condemned) that the "cause pending" involves only a question of the amount of compensation to be paid for the property condemned (burden of which is upon the condemnee)—computation of time to be made in a test of appellant/condemnor's plea of limitations should be from the date the condemnee withdrew its deposit of the commissioners' award. Culmination of all appellant/condemnor's reasoning, as aforesaid, is found in its contention that the trial court erred in overruling its plea of limitation.

As applied to the instant case, it appears that the commissioners' award was filed in the spring of 1953, with objection thereto timely filed on April 6, 1953. The only complaint registered by the objection was upon the adequacy of the award. The amount awarded was deposited on April 2, 1953, and was withdrawn by the condemnees on March 11, 1955. No citation was caused to

be issued. Over five years after having withdrawn the award condemnees filed amended objections and exceptions thereto. Appellant/condemnor replied, at the same time filing its motion to dismiss the appeal to the county court. The motion was overruled. Condemnees filed their admission of the right to condemn and the regularity of prior proceedings, and requested the right to open and close upon trial. Following a jury trial a judgment was entered upon the verdict, which judgment awarded condemnees $4,156 more than the amount of the commissioners' award.

The issue of abandonment is not in the case. Appellant/condemnor did not request the submission of any issue or issues concerning such question, and it is not to be doubted that the burden thereupon was one it was obliged to discharge. The state of the record does not establish any abandonment as a matter of law.

■ We are convinced that the part of the quoted phrase from Art. 3266, viz.: "and thereupon the adverse party shall be cited", relating to objections to the commissioners' award filed with the county judge, is in no wise jurisdictional. Particularly is this true as applied to the matter of the county court's jurisdiction of the parties. By express provision of the same article the commissioners' award can be made the judgment of the county court in condemnation proceedings only when no objections to the award are filed. As applied to parties before us, the notice in writing issued and served upon them by the commissioners pursuant to the administrative proceedings (under the provisions of Art. 3264) suffices as the only citation essential to be served to make them parties to said administrative proceedings. Upon perfection of an appeal to the county court those who were parties to the administrative proceedings are as certainly parties over which the county court has jurisdiction as would be the case had another citation been issued and served upon those same parties after the appeal. This means that the condemning authority

initiating the proceedings would always be a party, and there would never be any necessity to have any citation issued and served upon it after an appeal is taken to the county court. In such circumstances such condemning authority would be taken and treated as a party under the jurisdiction of the court, as to which any additional citation (for the purposes of acquiring jurisdiction) would never be necessary.

It necessarily follows in our opinion that appellant/condemnor's plea of limitation was wholly without merit. It was properly overruled.

The precise question does not seem to have been previously decided. Persuasive authority leading to the conclusion expressed include the following: Texas Law of Condemnation, Rayburn, sec. 66 "Adverse Parties to be Cited as in Other Civil Causes Commenced"; City of Houston v. Huber, 1958 (Tex.Civ.App., Houston), 311 S.W. 2d 488; City of Big Spring v. Garlington, 1935 (Tex.Civ.App., Eastland), 88 S.W.2d 1095; Sherrill v. Brazos River Transmission Electric Cooperative, Inc., 1953 (Tex. Civ.App., Fort Worth), 263 S.W.2d 669, writ ref. n. r. e.; City of Houston v. Susholtz, 1929 (Tex.Civ.App., Galveston), 22 S.W.2d 537, affirmed at Tex.Com.App., 37 S.W.2d 728; Fitzgerald v. City of Dallas, 1930 (Tex.Civ.App., Dallas), 34 S.W.2d 682, error refused.

■ Furthermore the burden of initial procedure in a condemnation case remains upon the condemning authority until such time as the condemnee stipulates the regularity of its condemnation proceedings. Texas Law of Condemnation, Rayburn, sec. 84 "Burden of Proceeding on Condemnor, —When, Where No Agreement of Condemnee Admits Right To Condemn".

■ We are of the opinion that the judgment of the trial court is erroneous in so far as it purports to award interest to condemnees between the date appellant/condemnor took the property and the date of the judgment. No part of the condemnees'

pleading or prayer asserted any claim to such interest either expressly or by implication, and the Eminent Domain Statutes are silent relative to an award of interest as part of the damages to which a condemnee is entitled. Routh v. Texas Traction Co., 1912 (Tex.Civ.App., Dallas), 148 S.W. 1152.

Judgment of the trial court is reformed so as to delete therefrom the award of interest prior to its entry. As so reformed, it is affirmed.