**DENTON COUNTY, Petitioner,**

**v.**

**G. H. BRAMMER, Jr., et ux., Respondents.**

**No. A–8744.**

Supreme Court of Texas.

July 18, 1962.

Concurring Opinion Oct. 3, 1962.

Rehearing Denied Oct. 3, 1962.

Coleman & Whitten, Denton, for Denton County.

Gerald E. Stockard, Denton, for Brammer and another.

SMITH, Justice.

In February, 1953 special condemnation proceedings were instituted by Denton County, Texas, to condemn land owned by the Brammers, in which the Brammers filed timely objections to the award ($800.-00) of the Commissioners, but delayed for a period of seven years after filing their objections in the county court to have citation issued and served, and allowed a period of five years to elapse after their withdrawal of the Commissioners' award before obtaining a setting and trial in the county court of their claim for compensation and damages. For convenience, the parties will hereafter be referred to as Denton County and Brammer.

On December 12, 1960, seven years after filing his original objections and exceptions, Brammer filed in the county court an instrument designated as "Defendants' Amended Objections to Award of Special Commissioners". Denton County and Brammer stipulated that no citation was ever issued or served. No waiver of service of citation is disclosed by the record. However, on December 13, 1960, Denton

County filed its original answer to Brammer's amended objections and exceptions to the award of the Commissioners, and, among other defenses, pleaded that Brammer had abandoned his "appeal" as a matter of law, and moved the court to dismiss such "appeal". The court overruled the motion to dismiss. Brammer offered no explanation or excuse for the long delay between the date of filing the original objections and exceptions and the filing of the amended objections and exceptions. The trial court simply overruled Denton County's motion, apparently without hearing evidence.

Thereupon, Brammer, having stipulated that Denton County's proceedings were regular and the county had the right to condemn the land sought in the cause, and that the Denton County Court had jurisdiction of the subject matter, the case proceeded to trial only upon the issue of the value of the land to be taken, and the issue as to the damages to the remainder of Brammer's land by reason of such condemnation and taking. It was also stipulated that all values and damages were to be fixed as of April 2, 1953, the date on which Denton County deposited with the County Clerk of Denton County, Texas, the sum of $800.00, the amount of the award of the special Commissioners.

Based upon jury findings and the stipulation of the parties, the trial court entered its judgment for Brammer for the sum of $4,956.00, together with interest at the rate of 6% from April 2, 1953, on the excess of the amount awarded by the jury verdict over the Commissioners' award, and awarded Denton County the fee simple title to the land involved. The Court of Civil Appeals denied Brammer the recovery of interest awarded by the trial court, but in all other respects affirmed the trial court judgment. 350 S.W.2d 888.

Each party is here with an application for writ of error. Brammer's application has been granted because of the granting of the application of Denton County.

The question of law presented to this Court by Denton County is: Whether the trial court abused its discretion in failing to hold that the circumstances of the unexplained failure of Brammer to cause citation to issue, and the undisputed evidence that Brammer waited for a period of five years after having withdrawn the $800.00 deposit (the award of the Commissioners) before obtaining a setting and trial of his claim for compensation and damages, raised a conclusive presumption that Brammer had abandoned his objections.

Brammer complains of the judgment of the Court of Civil Appeals in so far as that judgment reversed the judgment of the trial court awarding interest.

It is our opinion that the trial court did abuse its discretion in failing to hold that the circumstances above mentioned raised a conclusive presumption that Brammer had abandoned his objections. It follows, therefore, that the judgments of the trial court and the Court of Civil Appeals must be modified as follows: Deny Brammer a recovery for all sums of money in excess of $800.00, the amount of the award of the special Commissioners; affirm the judgments of both courts awarding to Denton County the fee simple title to the land involved; and affirm the judgment of the Court of Civil Appeals denying Brammer a recovery of interest. This conclusion effectively disposes of Brammer's point that he was entitled to recover interest.

There are certain legal principles which control our decision. We recognize that the filing of objections to an award of Commissioners by a condemnee does not constitute the institution of a suit by the condemnee. When Brammer filed his original objections to the award of the special Commissioners, the special condemnation proceedings which had theretofore been instituted by Denton County, Texas, became a *cause* pending in the County Court of Denton County. See Pearson v. State, 159 Tex. 66, 315 S.W.2d 935. The cause, thus filed, is to be tried and determined as in other civil causes in the county court. Article 3266, Section 6,[1] Vernon's Annotated Civil Statutes. We recognize that the filing of the original objections and exceptions by Brammer simply converted the special condemnation proceedings into a suit and invested the county court with jurisdiction of the subject matter of the case. See Fitzgerald v. City of Dallas, Tex. Civ.App., 34 S.W.2d 682, wr. ref.; State v. Nelson, 160 Tex. 515, 334 S.W.2d 788.

filing of the original objections in this case vacated the award of the special Commissioners. The condemnor, Denton County, became the plaintiff and Brammer, the condemnee, became the defendant. Although the condemnee, Brammer, became the defendant, we construe the statute, Article 3266, supra, to mean that the condemnee, Brammer, had the burden of causing the issuance of citation and the obtaining of service of such citation upon the condemnor, Denton County. While the condemnor, Denton County, as plaintiff, had the burden of proving all the essentials necessary to show a right to condemnation, Fort Worth & D. N. Ry. Co. v. Johnson, 125 Tex. 634, 84 S.W.2d 232, and had the burden of going forward to trial, it was under no legal obligation to do so unless and until it had been served with citation. Of course, citation was never served, and, as heretofore mentioned, Brammer waited seven years before filing his amended objections and exceptions to the award of the Commissioners, and waited five years after withdrawing the $800.00 deposit before obtaining a setting and trial of his claim for compensation and damages. During all this

1. "6. If either party be dissatisfied with the decision, such party may within ten days after the same has been filed with the county judge file his objection thereto in writing, setting forth the grounds of his objection, and thereupon the adverse party shall be cited and the cause shall be tried and determined as in other civil causes in the county court."

time, the cause remained on the docket of the County Court of Denton County, Texas. In the absence of citation, Denton County's suit could not have been dismissed for want of prosecution, and Denton County was under no obligation to voluntarily answer without the service of citation.

While mere lapse of time between the filing of objections and the trial in this cause cannot operate as an abandonment by Brammer of his objections and exceptions to the award, the circumstances of this cause raised a conclusive presumption of abandonment by Brammer of his objections, and since such circumstances were wholly unexplained, there was a clear abuse of judicial discretion on the part of the trial court in overruling Denton County's motion to dismiss.

■ Brammer abandoned his objections and exceptions long before the filing of his amended objections and exceptions to the award, and, therefore, was not entitled to a judicial determination of the matters presented in his objections and exceptions to the special Commissioners' award. See Flanagan v. Smith, 21 Tex. 493; Ponton v. Bellows, 13 Tex. 254; Gillespie's Adm'r v. Redmond, 13 Tex. 9; Bogle v. Landa et al., 127 Tex. 317, 94 S.W.2d 154; Ware v. Jones et al., Tex.Com.App., 242 S.W. 1022; Routh v. City of San Antonio, Tex.Civ. App., 302 S.W.2d 452, no writ hist.; Callahan v. Staples, 139 Tex. 8, 161 S.W.2d 489, 491; Bevil v. Johnson, 157 Tex. 621, 307 S.W.2d 85.

■ Since the duty devolves upon the condemnee to cause the issuance of citation, it seems logical to say that he must act with reasonable diligence, and, upon failure to so act, the rules announced in the above cases wherein plaintiffs failed to prosecute their suits with reasonable diligence should be applicable in cases where a condemnee fails to cause the service of citation, and the question of his diligence is in issue. Brammer, so far as the citation was concerned, occupied the same status as a cross-plaintiff, and having failed to act with diligence and having failed to offer any explanation for such failure, he abandoned his objections and exceptions as a matter of law. The rule in Callahan v. Staples, supra, applies here. In that case wherein the issue of abandonment was raised, this Court said:

"Where the defendant in a suit is called to answer and has responded to the call, the duty devolves on the plaintiff to proceed in prosecuting the suit to a conclusion with reasonable diligence, and *whenever a delay of an unreasonable duration occurs, such delay, if not sufficiently explained, will raise a conclusive* presumption of *abandonment* of the plaintiff's suit, * * * *discontinuance results.*" [Emphasis added.]

This rule was quoted with approval in Bevil v. Johnson, supra (1957).

The judgments of the trial court and the Court of Civil Appeals are both reversed and judgment is here modified and rendered that G. H. Brammer, Jr. and Mrs. G. H. Brammer, Jr. recover only the sum of $800.00, being the sum awarded to the Brammers by the special Commissioners, and the judgments of the trial court awarding Denton County, Texas, the fee simple title to the tract of land involved is in all things affirmed.

CALVERT, C. J., and WALKER, GREENHILL and STEAKLEY, JJ., dissent.

CALVERT, Chief Justice (dissenting).

I respectfully dissent. I would reverse the judgments of the courts below and remand the cause for further proceedings.

The true question before this Court is not whether as a matter of law Brammer abandoned his objections to the award of the special commissioners, but is whether the trial judge abused his discretion in  overruling and in not sustaining Denton Coun-

ty's motion to dismiss the objections. Our latest expression on the subject of discontinuance or abandonment is found in Bevil v. Johnson, 157 Tex. 621, 307 S.W.2d 85. In that case we reaffirmed the power of a trial court to dismiss a legal proceeding because of failure to prosecute it with due diligence, and said:

> "The matter rests in the sound discretion of the trial court. It is not an unbridled discretion, but a judicial discretion subject to review. *Upon review, the question is whether there was a clear abuse of discretion by the trial court.* That is a question of law." (307 S.W.2d 87)

Before an appellate court can decide the law question of whether there has been a clear abuse of discretion by a trial court, the record before that court must have been such as to call for the exercise of discretion and it must have been exercised. This is made clear by our decision in Callahan v. Staples, 139 Tex. 8, 161 S.W.2d 489, from which the majority quote. The rule there announced is that "whenever a delay of an unreasonable duration occurs, such delay, if not sufficiently explained, will raise a conclusive presumption of abandonment * * *, and a discontinuance results." That is but another way of saying that unreasonable delay in prosecuting a legal proceeding as to which one has the duty of action raises a rebuttable presumption of abandonment, and in the absence of evidence of facts and circumstances excusing the delay the presumption will become conclusive and a discontinuance will result. A conclusive presumption cannot be rebutted or explained away. The full import of the quotation from Callahan v. Staples cannot be obtained by separating it from the facts and the actual holding in the case.

The essential facts in Callahan v. Staples are these: On June 9, 1928, Callahan and Robertson recovered a judgment against Staples, who had been cited by publication. On June 6, 1930, Staples and Bowen (who held under Staples) filed a motion for new trial under the provisions of Article 2236, Vernon's Annotated Texas Statutes. Other than the taking and filing of Staples' deposition on August 25, 1931, no action was taken toward prosecution of the motion for new trial until October 24, 1938. A motion to dismiss the motion for new trial on the ground of abandonment was filed. Staples and Mrs. Bowen offered to prove that they had good reason for the long delay in prosecuting their motion for new trial, but the trial court refused to hear evidence and dismissed the motion. This court specifically held that the trial court erred in refusing to allow the movants "to show, if they can, a sufficient excuse for the delay, which occurred prior to October 24, 1938, in the prosecution of the motion for new trial." Of particular significance is the language of the court immediately following that which is quoted in the majority opinion. It is:

> "However, since the discontinuance must be based on a factual situation involving lack of due diligence, *same does not and cannot become effective until the basic facts are adjudicated by the court.* Whenever the hearing for such adjudication is had, the plaintiff has the right to be heard to explain, if he can, his delay in prosecuting his suit." (161 S.W.2d 491)

Considered together, the rules of the Callahan and Bevil cases add up to a reasonable, logical and salutary whole. One who files a judicial proceeding owes a duty to prosecute it with due diligence. When a motion to dismiss a proceeding on the ground of abandonment is filed, the trial court must first determine whether the proceeding has been on file, without action, for an unreasonable length of time. If it has not, the motion should be overruled summarily. If it has, a rebuttable presumption of abandonment arises, and an opportunity should be afforded the party who filed the proceeding to prove, if he can, that he had good reason for his delay in prosecuting the proceeding. If he fails or refuses to

offer proof, or if the proof offered ·fails to show good reason for the delay, the presumption is not rebutted and becomes conclusive, and the motion to dismiss should be granted. If proof is offered and does show good reason for the delay, the presumption is rebutted and the motion should be overruled. Whatever may be the action of the trial court, and at whatever stage it is taken, it is to be taken in the exercise of sound judicial discretion and is erroneous only if it is so arbitrary as to constitute an abuse of discretion.

If Callahan stands for anything it stands for the proposition that it is an abuse of discretion to *grant* a motion for dismissal based upon abandonment without affording the party who filed the proceeding an opportunity to offer evidence showing good reason for the delay. And yet, this court's action in this case in sustaining Denton County's motion to dismiss contains the same inherent vice. Brammer has had no opportunity to offer evidence explaining his delay, and our judgment denies him that opportunity.

So far as the record before us discloses, the trial judge *summarily overruled* the County's motion to dismiss. There is no indication that he heard evidence of any kind from any source, or that he offered either party an opportunity to present evidence. He may have concluded that a delay of seven years in having citation issued and served on the County and a delay of five years in having the case set for trial after withdrawal of the deposited award was not unreasonable delay. If so, I am satisfied that his action in *overruling* the motion was an abuse of discretion. But it does not follow that the judge abused his discretion in failing *summarily to grant* the motion.

When the trial judge acted he had before him a record showing unreasonable delay by Brammer in having citation issued and served and in having the case set ·for trial. As matters then stood there was a rebuttable presumption óf ·abandonment by Brammer of his objections. But a summary granting of the motion without affording Brammer an opportunity to offer evidence rebutting the presumption would, according to Callahan, have been an abuse of discretion. For, as we said there, a discontinuance "does not and cannot become effective until the basic facts are adjudicated by the court."

The only possible point of distinction between what we held to be wrong in Callahan and what we hold to be right here is that in Callahan Staples requested the trial judge to hear evidence on the reason for his delay, while in this case Brammer made no such request. But that distinction fails to recognize the simple facts of life in a judicial proceeding. In Callahan there was reason for the request because the judge was *granting* the motion to dismiss and Staples was trying to offer evidence to convince the judge that he was not justified in taking that action. In this case there was no reason for Brammer to request an opportunity to offer evidence to convince the judge that he should overrule the motion to dismiss because the judge was taking that action without evidence. To turn Brammer's right to maintain his suit on his failure to request the trial judge for an opportunity to offer evidence is, under the circumstances, utterly unrealistic and unreasonable.

No opportunity has been offered Brammer to present evidence to the trial judge to explain his undue delay in the respects mentioned, and the trial judge, therefore, has had no opportunity to exercise his discretion in adjudicating the basic facts of the discontinuance. I would reverse the judgments of the courts below and would remand the cause to the trial court with directions to hear such evidence as Brammer may care to offer on the motion to dismiss. The trial judge should then act on the motion to dismiss. If good reason for his delay is not shown by Brammer, his objections should be dismissed and judgment

should be entered on the award just as though no objections had been filed. If good reason is shown, the motion to dismiss should be overruled and the court should proceed to retrial of the case on its merits. In either event the court's ruling on the motion to dismiss would be reviewable on appeal as for abuse of discretion.

WALKER, GREENHILL and STEAKLEY, JJ., join in this dissent.

CULVER, Justice (concurring).

I concur in the result reached here, namely, the reversal of the judgments of the trial court and the Court of Civil Appeals, and the rendition of judgment in favor of G. H. Brammer and wife, only in the sum of $800.00, for the reason that in my opinion the matters of fact alleged by the condemnees in their brief to excuse their delay are not sufficient in law.