**Thomas E. JACKSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 7582.**

Court of Civil Appeals of Texas.

Texarkana.

Oct. 27, 1964.

Rehearing Denied Nov. 3, 1964.

Fred A. Carver, Beaumont, for appellant.

W. G. Walley, Jr., Beaumont, for appellee.

DAVIS, Justice.

■ A condemnation case. Appellee sought to condemn .018 of an acre of land situated in Jefferson County. The Special Commissioners awarded the appellant $1100.00 for the land. Appellant accepted the award. Appellee excepted to the award and perfected its appeal to the County Court at law. Trial was to a jury. The appellee offered in evidence, for jurisdictional purposes only, the original statement; the Order of the Judge appointing the Special Commissioner; the Oaths of the Special Commissioners; the certificate of service by U.S. certified mail, which showed no return; the award of the Special Commissioners, and the objections and exceptions of the County Commissioners to the award made in favor of appellant. The State further offered in evidence the fact that the appellant accepted the award of the Commissioners. Appellee did not offer in evidence the Resolution, Order, or Minutes of the State Highway Commission or the Commissioners Court. The appellee did not offer any evidence at all to prove an unsuccessful effort to negotiate the purchase of the property before the condemnation proceedings were commenced. Neither did they actually prove service of notice by the Special Commissioners of the condemnation on the appellant. The burden was on the appellee to make the above proof.

■ There was no stipulation as to the jurisdiction of the County Court at law, thus the burden of proof between the parties remained consistently on the condemnor. If there had been such a stipulation of jurisdiction, the burden of proof as to the value of the property would have shifted to the condemnee, and he would have the right to open and close the evidence and to open and close the arguments. City of Houston v. Collins, Tex.Civ.App., 310 S.W.2d 697, N.W.H.

■ Since there was no stipulation of jurisdiction of the County Court at law, the burden of proof was upon the condemnor to demonstrate the right to condemn, and that every step in the new process of law enjoyed by the Constitution and the condemnation statutes had been legally and duly followed, and this must be established before there can be any finding of jurisdiction to entertain the case for hearing. Vey v. City of Ft. Worth, Tex.Civ. App., 81 S.W.2d 228, Writ Dism'd.

■ According to Art. 1, Sec. 17 of the Texas Constitution, Vernon's Ann.St., "No person's property shall be taken, damaged or destroyed for or applied to public use without *adequate* compensation being made, * * *". (Emphasis added.) The requirement that "adequate" compensation be made for private property is vested upon the Magna Charta. This power is necessary in that it is deemed essential to the life of the State. Imperial Irr. Co. v. Jayne, 104 Tex. 395, 138 S.W. 575.

The appellee, after offering the foregoing evidence, rested. The appellant filed a *motion for instructed verdict, setting out* the fact that the State had failed to prove an unsuccessful effort to agree with the appellant as to the amount of compensation to be paid for the property in question. And the further fact that the State had failed to prove the right to condemn said property, and that such proof of said right was essential to the maintenance of this cause before the County Court at law. Appellant further filed a motion to dismiss the cause because of the lack of such proof. The motions were overruled. The trial court granted a motion of the appellee for an instructed verdict. He instructed

the jury to return a verdict for appellant in the sum of one dollar. There was no proof of the value of the property. Judgment was entered and appellant has perfected his appeal. He brings forward one point of error.

By his point, appellant says the trial court erred in directing the verdict for the State, for the reason that the State failed to establish a prima facie case. In his brief, the appellant sets out the fact that the appellee failed to perform its duty of proving the jurisdiction of the court for the reason that the appellee did not offer in evidence the Resolution, Order, or Minutes of the State Highway Commission or Commissioners Court to condemn the property, and made no proof of an unsatisfactory effort to agree with the appellant on a price to purchase the property. The burden was on the appellee to prove the jurisdictional facts. 22 T.J.2d 403-4, Sec. 287. In 22 T.J.2d 403-4, Sec. 287, it says: "Although the applicant for condemnation generally has the burden of proof on the whole case * * *", it seems that when the jurisdiction of the court has been stipulated, or proved, the burden of proving the value of the property being taken, and other damages, shifts to the condemnee. 22 T.J.2d 404, Sec. 287; Rayburn's Texas Law of Condemnation, Sec. 83; Aue v. State, Tex. Civ.App., 77 S.W.2d 606, Er. Ref.; Miers v. Housing Authority of the City of Dallas, 153 Tex. 236, 266 S.W.2d 842.

Since there were no stipulations or proof of jurisdiction, the County Court at law was without authority to instruct the jury to bring in the verdict and to enter judgment thereon. Denton County v. Brammer, Tex.Civ.App., 350 S.W.2d 888; Reversed, modified and rendered on other grounds, 361 S.W.2d 198; Estate of Crim v. State, Tex.Civ.App., 371 S.W.2d 574, N.W.H.

The point is sustained.

The judgment of the trial court is reversed and the cause is remanded.