

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

October 1, 1969

Honorable Lowell C. Holt
Criminal District Attorney
Upshur County Courthouse
Gilmer, Texas

Opinion No. M- 483

Re: Who should pay the
initial court cost
deposit when Objec-
tions are filed by
the condemnee in an
eminent domain pro-
ceeding, after an
Award by the Special

Dear Mr. Holt:                                    Commissioners.

You asked the following question:  "Who should pay
the initial court cost deposit when Objections are filed by
the condemnee in an eminent domain proceeding, after an Award
by the Special Commissioners?"

Article 3267, Vernon's Civil Statutes, determines
when each party shall pay cost in a condemnation action.  You
will note the language of Article 3267 with regard to when the
condemnee shall pay the costs.  It states as follows:

> ". . . but if the amount awarded by the
> commissioners as damages or the judgment
> of the county court shall be for the same
> or less amount of damages than the amount
> offered before proceedings were commenced,
> then the costs shall be paid by the owner
> of the property."

It has long been held in this State that upon a
filing of Objections to Award of Commissioners by condemnor
or condemnee findings of Commissioners are nullified and a
trial de novo is required, Culligan Soft Water Service v.
State, 385 S.W.2d 613 (Tex.Civ.App. 1964, error ref. n.r.e.);
Milam County v. Akers, 181 S.W.2d 719 (Tex.Civ.App. 1944,
error ref. w.o.m.).  The Supreme Court in Elliott v. Joseph,
163 Tex. 71, 351 S.W.2d 79 (1961) stated with regard to the
action in the County Court as follows:

- 2306 -

". . . The trial in the county court is a
de novo appellate proceeding. State v.
Nelson, 160 Tex. 515, 334 S.W.2d 788."

The Supreme Court recognizes that when Objections are filed
to the Award of Special Commissioners there has been an appeal
to the County Court. However, it is not an appeal as from a
trial court judgment, but it is to be a de novo proceeding in
the County Court.

Rule 142, Texas Rules of Civil Procedure, states:

"The clerk may require from the plaintiff
security for costs before issuing any
process, but shall file the petition and
enter the same on the docket. . . ."

In City of Houston v. Susholtz, 22 S.W.2d 537 (affm'd 37 S.W.2d
728, Tex.Comm.App. 1931), the Court held as follows:

"Furthermore, at least by analogy to like
appeals from justice courts, it would seem
to follow, first, that the perfection of
this resort from the commissioners' award
to the county court vacated the action of
the lower body and gave to the proceeding
as it then stood in the intermediate court
the same status as if it had been originally
commenced there; . . ."

The Supreme Court in Denton County v. Brammer, 361 S.W.2d 198
(Tex.Sup. 1962) at page 200 states:

". . . We recognize that the filing of the
original objections and exceptions by Brammer
[the condemnee] simply converted the special
condemnation proceedings into a suit and in-
vested the county court with jurisdiction of
the subject matter of the case. See Fitz-
gerald v. City of Dallas, Tex.Civ.App., 34
S.W.2d 682, wr. ref.; State v. Nelson, 160
Tex. 515, 334 S.W.2d 788.

"[3] The filing of the original objections
in this case vacated the award of the special
Commissioners. The condemnor, Denton County,
became the plaintiff and Brammer, the con-
demnee, became the defendant. . . ."

It would seem clear then from the decisions by the appellate courts in Texas that when an Objection is filed, regardless of which party files the same, the action by the Commissioners is completely nullified and vacated. The condemnor becomes the Plaintiff, and the condemnee becomes the Defendant.

A condemnation case then proceeds to trial on the pleadings, i.e., the Petition filed by the condemnor to condemn the land belonging to the condemnee. It is not necessary for the condemnee to plead anything, i.e., particularize his damages or set forth any specific damage claims, Fitzgerald v. City of Dallas, 34 S.W.2d 682 (Tex.Civ.App. 1930, error ref.); Kennedy v. City of Dallas, 201 S.W.2d 840 (Tex.Civ. App. 1947, error ref.). Therefore, what we have is a case in the County Court which has been filed by the condemnor. Since the condemnor has filed his Petition in condemnation the burden of paying the fee of the County Clerk as required in Article 3930(b), Section 1A (ii), Vernon's Civil Statutes, falls upon the condemnor regardless of who has filed Objections. At a later time should the judgment of the County Court be for an amount the same as, or less than, the original amount offered by the condemnor to the condemnee then under Article 3267, Vernon's Civil Statutes, the condemnor could recover these costs from the condemnee.

This Opinion should not be considered in conflict with Opinion No. M-142 wherein this office held that fees cannot be paid by a county to its own County Clerk. The basis for Opinion No. M-142 was that to allow a county to pay this fee to its own County Clerk would be an unconstitutional transfer of tax monies. This office went on to state in that Opinion the fees were due and payable by condemnors other than a county when an Objection is filed or a Judgment is entered.

When the State of Texas is the condemnor, Article 3930(b), Section 1A (ii), Vernon's Civil Statutes, should not be considered in conflict with Article 4357 of Vernon's Civil Statutes. The State of Texas cannot make immediate payment of deposit of cost. The Clerk would have to prepare a proper claim upon docketing the condemnation case, which claim would then have to be presented to the State Comptroller. Upon being presented a properly audited claim which has been properly verified as provided by Article 4357, the Comptroller could then issue a warrant in the amount of the fee for filing a condemnation case which is provided for under Article 3930(b), Section 1A (ii), Vernon's Civil Statutes.

## SUMMARY

The condemnor in a condemnation pro-
ceeding should pay the initial court cost
deposit, if required, when Objections are
filed by either party to the Award of Special
Commissioners. Under Article 3267, Vernon's
Civil Statutes, if the judgment of the County
Court is for the same or less amount of damages
than the amount offered before the proceedings
were commenced, then the condemnor may recover
the court cost deposit from the condemnee.

Yours very truly,

Crawford C. Martin
Attorney General of Texas

Prepared by Fred M. Talkington
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman

Harold Kennedy
Malcolm Quick
Bill Allen
Jim Swearingen

MEADE F. GRIFFIN
Staff Legal Assistant

HAWTHORNE PHILLIPS
Executive Assistant

NOLA WHITE
First Assistant