TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-10-00326-CV






Charles C. Laidley and Dorothy Laidley, Appellants


v.


City of San Marcos, Texas, Appellee






FROM THE COUNTY COURT AT LAW NO. 1 OF HAYS COUNTY

NO. 11476-C, HONORABLE ANNA M. BOLING, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 This condemnation case addresses a trial court's discretion to dismiss a condemnee's
objections to an award by special commissioners for want of prosecution and to reinstate the special
commissioners' award. See Denton County v. Brammer, 361 S.W.2d 198, 200-01 (Tex. 1962); see
also Tex. Prop. Code Ann. § 21.018 (West 2003).

 Appellants Charles C. Laidley and Dorothy Laidley, as condemnees, filed objections
to a special commissioners' award but did not cause citation to be issued and served on appellee the
City of San Marcos for approximately 16 months. Shortly after being served with the citation, the
City moved to dismiss appellants' objections and reinstate the award on the ground that appellants
did not cause citation to be issued and served within a reasonable time. After a hearing, the trial
court granted the City's motion and rendered judgment dismissing appellants' objections for want
of prosecution and reinstating the special commissioners' award. For the reasons that follow, we
affirm the trial court's judgment.


BACKGROUND


Condemnation Procedure

 Procedure in condemnation cases is governed by chapter 21, subchapter B, of the
property code. See Tex. Prop. Code Ann. §§ 21.011-.024 (West 2003 & Supp. 2010). 
Condemnation cases begin with an administrative proceeding and, if necessary, the administrative
proceeding is followed by a judicial one. See City of Tyler v. Beck, 196 S.W.3d 784, 786 (Tex.
2006) (citing Amason v. Natural Gas Pipeline Co., 682 S.W.2d 240, 242 (Tex. 1985)). 
"Condemnation proceedings are administrative in nature 'from the time the condemnor files the
original statement seeking condemnation up to the time of the Special Commissioners' award.'" Id. 

 A party to a condemnation proceeding may object to the findings of the special
commissioners by timely filing a written statement of the objections and their grounds with the court
that has jurisdiction of the proceeding. See Tex. Prop. Code Ann. § 21.018(a) (West 2003). "Upon
the filing of objections, the [special commissioners'] award is vacated and the administrative
proceeding converts to a judicial proceeding." Beck, 196 S.W.3d at 786 (citing Brammer,
361 S.W.2d at 200). Although the property code specifies that, when objections are filed, that "the
court shall cite the adverse party," the Texas Supreme Court has "clarified that it is incumbent on
the objecting party to serve the adverse party with citation of the objections." See id. (citing Amason,
682 S.W.2d at 242); Tex. Prop. Code Ann. § 21.018(b) (West 2003).

 After the administrative proceeding converts to a judicial one, the case is tried in the
"same manner as other civil cases." See Tex. Prop. Code Ann. § 21.018(b). The trial is
conducted de novo, and the special commissioners' award is inadmissible at the trial. In re State,
85 S.W.3d 871, 876 (Tex. App.--Tyler 2002, orig. proceeding) (op. on reh'g); see also In re State,
325 S.W.3d 848, 850-51 (Tex. App.--Austin 2010, orig. proceeding) (generally discussing
converting administrative proceeding to "normal case" after objections are filed in condemnation
case). However, if the objecting party fails to serve the adverse party with citation within a
reasonable time, "the trial court should dismiss the objections for want of prosecution and reinstate
the special commissioners' award." See Beck, 196 S.W.3d at 786 (citing Amason, 682 S.W.2d at
242). The objecting party "must act with reasonable diligence," or the party will be presumed to
have abandoned the objections. Brammer, 361 S.W.2d at 201. With this background, we turn to the
parties' dispute.


The Parties' Dispute


 In November 2007, the City of San Marcos filed a petition for condemnation, seeking
to condemn certain interests of Charles Christopher Laidley, Gina S. Laidley, Frost National Bank,
a lienholder, and appellants in real property. (1) The matter was submitted to special commissioners
in April 2008. After a hearing, the special commissioners filed their award with the trial court. 
Appellants thereafter filed objections to the award, contending that the award was insufficient and
that the measure of damages employed by the special commissioners was legally erroneous. 

 Although appellants' counsel certified that he served a copy of the objections on
counsel for the City by certified mail contemporaneously with filing the objections, appellants did
not serve the City with citation until August 2009. See Tex. Civ. Prac. & Rem. Code Ann.
§ 17.024(b) (West 2008) ("In a suit against an incorporated city, town, or village, citation may be
served on the mayor, clerk, secretary, or treasurer."). On September 3, 2009, the City filed a motion
to dismiss appellants' objections for want of prosecution and to reinstate the special commissioners'
award. The City urged that appellants had failed to secure service of citation within a reasonable
time and, therefore, that it was the trial court's duty to dismiss the objections and reinstate the award. 

 Appellants did not file a written response to City's motion, but their counsel testified
at a hearing on the City's motion. He testified concerning his serious health problems during the
time period between filing appellants' objections and serving the City with citation. He testified that,
during that time period, he was hospitalized for extended periods and that he "was without capacity
to do much about [this case]" and "[had] done the best that [he] could." He also testified to an
attempt at service in April 2009. After the hearing, the trial court granted the City's motion, signing
a final judgment dismissing the objections for want of prosecution and reinstating the special
commissioners' award. This appeal followed.


ANALYSIS


 Appellants raise two issues on appeal. They contend that: (i) the trial court erred in
dismissing their objections to the special commissioners' award for want of prosecution at a point
in time when the City had generally appeared and been served with citation, and (ii) that the trial
court erred by dismissing their objections without hearing or taking into account the extenuating
circumstances of their counsel's health problems.

 We review a trial court's ruling on a motion to dismiss objections to a special
commissioners' award under an abuse of discretion standard. See Brammer, 361 S.W.2d at 200. 
A trial court abuses its discretion when it acts unreasonably or in an arbitrary manner or
without reference to any guiding rules and principles. Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241-42 (Tex. 1985). "The mere fact that a trial judge may decide a matter within
his discretionary authority in a different manner than an appellate judge in a similar circumstance
does not demonstrate that an abuse of discretion has occurred." Id. at 242.

 In their first issue, appellants contend that the trial court erred in dismissing their
objections for want of prosecution because the City had generally appeared and/or been formally
served with citation of appellants' objections. They urge that once the City generally appeared or
was served, it was the City's burden to go forward with the case, precluding the dismissal of their
objections for want of prosecution. Although a condemnor has the burden of going forward once
objections are filed to an award, "it [is] under no legal obligation to do so unless and until it [is]
served with citation." Brammer, 361 S.W.2d at 200; see also Beck, 196 S.W.3d at 786-87 ("The
service requirement affords a means for the court to acquire jurisdiction over the party to be
served."). A condemnor, however, may waive service of the objections to a special commissioners'
award by generally appearing. See Seals v. Upper Trinity Reg'l Water Dist., 145 S.W.3d 291, 296
(Tex. App.--Fort Worth 2004, pet. dism'd) (service rendered unnecessary by condemnor's
participation in proceeding). The initial issue then is whether the City generally appeared and,
thereby, waived service of citation.

 Appellants contend that the City generally appeared in May 2009 by moving to
dismiss Charles Christopher Laidley and Gina S. Laidley and settling with them. The record shows
that the City, Charles Christopher Laidley, and Gina S. Laidley filed a joint motion for nonsuit and
dismissal of all claims as to Charles Christopher Laidley and Gina S. Laidley. The trial court granted
this motion, signing an agreed order. In order to waive service by voluntary appearance, however,
a filing must seek a judgment or adjudication on some question. Id. at 295. In the context of the
ongoing condemnation proceeding, the joint motion to nonsuit and dismiss claims as to parties other
than appellants did not seek either a judgment or adjudication on a question concerning the
objections. See id.; Skaggs v. City of Keller, 880 S.W.2d 264, 266 (Tex. App.--Fort Worth 1994,
writ denied) (city's filing of notice of deposit and depositing funds with court was not "appearance"
in condemnation proceeding for all purposes and did not waive citation of objections to award); see
also Tex. R. Civ. P. 162 (effect of dismissal or nonsuit on pending claims generally). We conclude
then that the City did not generally appear and, thereby, waive service of citation as to appellants'
objections by jointly filing the motion to nonsuit and dismiss claims as to parties other
than appellants.

 Appellants also contend that once the City was served with citation in August 2009,
that the trial court no longer had discretion to dismiss their objections or reinstate the special
commissioners' award. In essence, appellants argue that, once citation was served on the City, the
trial court was without discretion to reinstate the special commissioners' award whether or not
appellants acted with "reasonable diligence" in serving the City with citation. See Brammer,
361 S.W.2d at 201. To support this contention, appellants quote a sentence in State v. Carlton, as
well as similar statements in other cases, that "once objections are filed and citation is served on the
condemnor, 'the Special Commissioners' award cannot be reinstated." See 901 S.W.2d 736, 738
(Tex. App.--Austin 1995, no writ).

 In Carlton, the issue on appeal was whether the condemnee could withdraw his
objections and unilaterally cause the special commissioners' award to be reinstated after several
years of "extensive discovery and eleven days before trial." Id. at 737. This Court held that he could
not, stating that, after service of citation, the state was "entitled to rely on the objections as placing
in issue the subject of the objections without filing objections of its own." Id. at 740. In contrast,
the City here does not seek to rely on the objections and filed its motion to dismiss shortly after being
served with citation. The timeliness of service of citation also was not at issue in Carlton: the
condemnee filed his objections to the special commissioners' award and caused citation to be served
on the state on the same day. Id. at 737. Viewed in context then, the quoted sentence in Carlton
does not limit a trial court's discretion--upon a finding that the condemnee did not act with
"reasonable diligence" in serving the citation--to dismiss a condemnee's objections for want of
prosecution. See Brammer, 361 S.W.2d at 201.

 Similar to the quoted sentence in Carlton, the supreme court in Amason stated that
a special commissioners' award could not be reinstated "[o]nce the service of citation on the
condemnor is accomplished." See 682 S.W.2d at 242. The issue before the supreme court, however,
also did not concern whether the objecting party had failed to serve citation within a reasonable
amount of time. In that case, the condemnor waived service of citation, and the issue was whether
the cause could be reinstated on the docket after the trial court dismissed the cause for want of
prosecution almost a year after service was accomplished. Id. at 243. The supreme court held that
the trial court properly dismissed the cause for want of prosecution but that the special
commissioners' award should not have been reinstated because the condemnor bore the burden of
going forward with the case after it was served with citation. Id.; see also Musquiz v. Harris County
Flood Control, 31 S.W.3d 664, 667 (Tex. App.--Houston [1st Dist.] 2000, no pet.) (distinguishing
between dismissing landowner's objections to special commissioners' award for want of prosecution
and dismissing condemnor's cause of action for want of prosecution and stating that "[w]hen the
landowner does not secure service on the condemnor within a reasonable period of time, the trial
court should consider the objection abandoned and dismiss the 'objection' for want of prosecution"). 

 Appellants have failed to cite authority, and we have found none, that would support
limiting the trial court's discretion based upon the fact that the City was served with citation prior
to the City's filing of the motion to dismiss. Appellants did not serve the City with citation for over
a year, the City did not have the burden of taking action prior to being served with citation, and the
first action taken by the City after being served was to promptly file its motion to dismiss. See
Brammer, 361 S.W.2d at 200. On this record, we cannot conclude that the trial court abused its
discretion by granting the motion to dismiss appellants' objections to the special commissioners'
award even though the City at that point had been served with citation. We overrule appellants'
first issue.

 In their second issue, appellants contend that the trial court erred by dismissing their
objections without hearing or taking into account the extenuating circumstances of their counsel's
health problems. Appellants urge that this is particularly so because the City had actual notice of
their objections when they were filed and did not suffer any prejudice by virtue of the delay in formal
service. The record, however, shows that the trial court received evidence concerning the health
problems of appellants' counsel before ruling on the City's motion. Appellants' counsel testified
at the hearing on the City's motion as to his health problems, including that he had been hospitalized
for extended time periods between filing the objections and serving the City with citation and that,
during that time period, he "was without capacity to do much about [this case]" and "[had] done the
best that [he] could." The trial court then did hear and consider evidence of the health problems of
appellants' counsel before ruling on the motion.

 Further, in the context of a civil suit, when a defendant complains of lack of diligence
in service of citation, a plaintiff "must explain what steps he took to obtain service, not explain why
he did nothing." Slagle v. Prickett, No. 08-09-00211-CV, 2011 Tex. App. LEXIS 5302, at
*10-11 (Tex. App.--El Paso July 13, 2011, no pet. h.); see Rodriguez v. Tinsman & Houser, Inc.,
13 S.W.3d 47, 49-51 (Tex. App.--San Antonio 1999, pet. denied) (when proffered excuse does not
involve diligence in attempting to effectuate service, explanation not valid); Weaver v. E-Z Mart
Stores, Inc., 942 S.W.2d 167, 169-70 (Tex. App.--Texarkana 1997, no writ) ("An excuse of
diligence must involve diligence to seek service of process."). Moreover, a party generally may not
rely upon the failure of its chosen counsel as an excuse for lack of diligence to secure service. See
Weaver, 942 S.W.2d at 170 (party "cannot rely upon any failure on the part of [his] chosen attorney
as diligence or an excuse for lack of diligence, because the acts of one's attorney is imputed to
the client").

 As to counsel's attempt to secure service on the City prior to August 2009, he testified
that he "presented a check for $70" in April 2009 to obtain service but that "a lawyer . . . said that
it couldn't be served unless it had a cover letter requesting service" and that "[a]s soon as [counsel]
could do so, [he] got [his] daughter to type up the letters--the letters that [the lawyer] seemed to
want, paid about $270--$280 and got service upon the requisite parties." (2) The trial court reasonably
could have found that counsel's offered explanation of one attempted service prior to actual service
in August 2009 did not support a finding that appellants acted with "reasonable diligence" in serving
the City with citation and, therefore, that appellants had abandoned their objections to the special
commissioners' award. See Brammer, 361 S.W.2d at 200. We overrule appellants' second issue.


CONCLUSION


 Because we conclude that the trial court acted within its discretion by dismissing
appellants' objections for want of prosecution and reinstating the special commissioners' award, we
affirm the trial court's judgment.



 __________________________________________

 Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Henson and Goodwin

Affirmed

Filed: September 21, 2011
1. Charles Christopher Laidley is the son and Gina S. Laidley the daughter-in-law of
appellants. 
2. The trial court sustained an objection to a portion of this testimony on the basis of hearsay. 
See Tex. R. Evid. 801, 802.