

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-16-00026-CV
_____

JAMES B. BONHAM CORP., Appellant

V.

THE CITY OF CORSICANA, Appellee

On Appeal from the 13th District Court
Navarro County, Texas
Trial Court No. 08-17240-CV

Before Morriss, C.J., Moseley and Burgess, JJ.
Opinion by Justice Burgess

## O P I N I O N

Utilizing the power of eminent domain, the City of Corsicana (City) instituted a proceeding to condemn land owned by James B. Bonham Corp. (the Corporation) in order to construct a raw water transmission line. Because the parties could not agree on the amount of just compensation, the City filed a condemnation petition in 2008, and the trial court appointed special commissioners to assess damages.[1] *See* TEX. PROP. CODE ANN. §§ 20.014, 21.012 (West 2014). After a hearing, the special commissioners assessed damages in the amount of $2,900.00, and the City deposited that amount into the registry of the court.

On June 12, 2008, the Corporation filed a timely objection to the special commissioners' award, but failed to serve the City with proper citation. *See* TEX. PROP. CODE ANN. § 21.018 (West 2014). More than seven years later, on March 8, 2016, the trial court dismissed the Corporation's objections for want of prosecution. The Corporation appeals.[2]

On appeal, the Corporation argues that the trial court's dismissal was in error because its objection to the special commissioners' award was timely filed and a copy was delivered to the City's attorney. The Corporation also argues that the City was estopped from asserting untimely service and want of prosecution because it participated in discovery through 2009. We find that the trial court did not abuse its discretion in dismissing the Corporation's objections to the special

---

[1]The condemnation petition also named lienholder Randy Reynolds. Reynolds has since released the lien and is not a party to this appeal.

[2]Originally appealed to the Tenth Court of Appeals in Waco, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We follow the precedent of the Tenth Court of Appeals in deciding this case. *See* TEX. R. APP. P. 41.3.

commissioners' award for want of prosecution. We also find that the Corporation failed to preserve arguments based on estoppel. Accordingly, we affirm the trial court's judgment.

## I.    Standard of Review

"We review a dismissal for want of prosecution under an abuse-of-discretion standard." *Dueitt v. Arrowhead Lakes Prop. Owners, Inc.*, 180 S.W.3d 733, 737 (Tex. App.—Waco 2005, pet. denied) (citing *State v. Rotello*, 671 S.W.2d 507, 509 (Tex. 1984)); *see Anderson v. Circle X Land & Cattle Co.*, No. 10-09-00203-CV, 2010 WL 1078485, at *1 (Tex. App.—Waco Mar. 24, 2010, no pet.) (mem. op); *Nichols v. Sedalco Constr. Servs.*, 228 S.W.3d 341, 342 (Tex. App.—Waco 2007, pet. denied). "A trial court abuses its discretion when it acts 'without reference to any guiding rules or principles,' or, stated another way, when the trial court acts in an arbitrary and unreasonable manner." *Dueitt*, 180 S.W.3d at 737 (quoting *City of San Benito v. Rio Grande Valley Gas Co.*, 109 S.W.3d 750, 757 (Tex. 2003) (quoting *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985))).

"An abuse of discretion with respect to factual matters occurs if the record establishes that the 'trial court could reasonably have reached only one decision.'" *Anderson*, 2010 WL 1078485, at *1 (quoting *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)). "Whether a plaintiff has prosecuted a case with diligence is generally a question of fact." *Id*. at *2. "In determining whether due diligence exists, the trial court may consider the entire history of the case." *Id.* "The traditional factors that may be considered are (1) the length of time the case was on file; (2) the extent of activity in the case; (3) whether a trial setting was requested; and (4) the existence of reasonable excuse for delay." *Id.* "No single factor is dispositive." *Id*. "However, the failure to exercise due

3

diligence is conclusively established if (1) the delay in prosecuting a case is unreasonable as a matter of law and (2) the delaying party fails to establish a 'sufficient excuse.'" *Id.* (quoting *Callahan v. Staples*, 161 S.W.2d 489, 491 (Tex. 1942)).  "On factual issues or other matters committed to the trial court's discretion, we may not substitute our judgment for that of the trial court." *Id.* at *1.

"A trial court's power to dismiss a suit for want of prosecution originates from two sources: (1) Texas Rule of Civil Procedure 165a and (2) the trial court's inherent authority." *Dueitt*, 180 S.W.3d at 737 (citing TEX. R. CIV. P. 165a).  "A trial court may dismiss a suit under Rule 165a when . . . a suit is not disposed of within the time standards given by the Supreme Court." *Id.* Under the Texas Rules of Judicial Administration, district court judges "should, so far as reasonably possible, ensure that all" nonjury, non-family-law civil "cases are brought to trial or final disposition" "[w]ithin 12 months from appearance date." TEX. R. JUD. ADMIN. 6, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. F app. (West 2013).  "Independent of the rules of civil procedure, a trial court may also dismiss a suit under the inherent authority given to it by common law." *Dueitt*, 180 S.W.3d at 737.  "If the appellants 'did not request findings of fact or conclusions of law, and the trial court did not specify the standard of dismissal used,' then 'we must affirm on the basis of any legal theory supported by the record.'" *Nichols*, 228 S.W.3d at 342 (quoting *Dueitt*, 180 S.W.3d at 737).

## II.     Factual and Procedural Background

Following the entry of the special commissioners' award, the Corporation filed a timely objection, but failed to serve the City with proper citation.  The certificate of service on the

4

Corporation's objections to the special commissioner's award stated that a copy of the objections was delivered to the City's attorney, Terry Jacobson. Thereafter, the parties engaged in written discovery, but no further activity in the case occurred from April 30, 2009, until December 16, 2015, when the City filed a motion for summary judgment (1) informing the trial court that it was never served with citation of the Corporation's objections, (2) asking the court to dismiss the case for want of prosecution, and (3) praying that the trial court render final judgment in accordance with the special commissioners' award.

On January 8, 2016, the Corporation again filed an objection to the special commissioners' award, this time causing citation to issue. One citation was addressed to Terry Jacobson, and the officer's return stated that it was delivered to Jacobson on January 21, 2016. According to the return of service, another citation addressed to "The City of Corsicana" was served on "The City of Corsicana" on January 28, 2016.

On January 22, 2016, the City filed a motion to dismiss the Corporation's objections for want of prosecution. The trial court found that the City was first served with citation on January 29, 2016, and granted the City's motion to dismiss.[3]

## III. The Nature of Condemnation Proceedings

In addressing due diligence, the Corporation argues that its failure to proceed to trial was excused because the City was responsible for prosecuting the case. In order to address this

---

[3]The trial court also entered judgment reinstating the special commissioners' award of $2,900.00 to the Corporation. The Corporation does not specifically complain of the reinstatement of the special commissioners' award.

argument, and place the remaining arguments of the Corporation into proper context, we must first discuss the unique nature of condemnation proceedings.

"The Texas eminent-domain scheme is a two-part process that begins with an administrative proceeding followed, if necessary, by a judicial one." *City of Tyler v. Beck*, 196 S.W.3d 784, 786 (Tex. 2006) (per curiam) (citing *Amason v. Nat. Gas Pipeline Co.*, 682 S.W.2d 240, 241 (Tex. 1984)). "Condemnation proceedings are administrative in nature '[f]rom the time the condemnor files the original statement seeking condemnation up to the time of the Special Commissioners' award.'" *Id.* (quoting *Amason*, 682 S.W.2d at 242). "Either party may challenge the special commissioners' award by filing objections in the same court." *Id.* (citing TEX. PROP. CODE ANN. § 21.018(a)). "Upon the filing of objections, the [special commissioners'] award is vacated and the administrative proceeding converts into a judicial proceeding." *Id.* (citing *Denton Cty. v. Brammer*, 361 S.W.2d 198, 200 (Tex. 1962)).

"[W]hen a condemnee properly contests a condemnor's right to condemn, the condemnor bears the burden to go forward to trial on that issue." *Amason v. Nat. Gas Pipeline Co.*, 682 S.W.2d 240, 241 (Tex. 1984). Thus, when an objection is filed, the "proceeding converts into a normal pending cause in the court with the condemnor as plaintiff and the condemnee as defendant." *Id.* at 242 (citing *Brammer*, 361 S.W.2d at 200). Yet, "[w]hile the condemnor becomes the plaintiff for the purpose of proving his right to condemn, the condemnee still must secure the service of citation on the condemnor." *Id.* (citing *Brammer*, 361 S.W.2d at 200; TEX. PROP. CODE ANN. § 21.018(b)).

The statute requires that "[t]he objecting party must secure service of citation on the adverse party and try the case in the manner of other civil causes." *Beck*, 196 S.W.3d at 786 (citing TEX. PROP. CODE ANN. § 21.018(b); *Amason*, 682 S.W.2d at 242). "Although the Property Code specifically provides that 'the court shall cite the adverse party,'" the Texas Supreme Court has "clarified that it is incumbent upon the objecting party to serve the adverse party with citation of the objections." *Id.* (quoting TEX. PROP. CODE ANN. § 21.018(b)) (citing *Amason*, 682 S.W.2d at 242). "The service requirement affords a means for the court to acquire jurisdiction over the party to be served." *Id.* at 786–87.

"Once the service of citation on the condemnor is accomplished, . . . the Special Commissioners' award cannot be reinstated." *Amason*, 682 S.W.2d at 242. However, "if the condemnee fails to secure the service of citation on the condemnor within a reasonable period of time, the trial court should dismiss the objections for want of prosecution and should also reinstate the Special Commissioners' award as the proper compensation for the condemnation of the condemnee's land." *Id.* (citing *Brammer* at 200–01); *see Beck*, 196 S.W.3d at 786 ("If the objecting party fails to [serve the citation] within a reasonable time, the trial court should dismiss the objections for want of prosecution and reinstate the special commissioners' award.").[4]

---

[4]The Corporation argues that *Beck* supports its position. We disagree. In *Beck*, the Texas Supreme Court determined that the purpose of the service of citation requirement was fulfilled because the trial court acquired jurisdiction over both parties to the litigation since both parties filed objections to the special commissioners' award. *Beck*, 196 S.W.3d at 787. Accordingly, since the purposes of formal citation were met, the Texas Supreme Court determined that the trial court erred in dismissing the case for want of prosecution. *Id.* Because the City did not "invoke[] the judicial process" by filing its own objections, we hold that the exception to the formal citation requirement announced in *Beck* does not apply to this case. *Id.*

7

In *Brammer*, the Texas Supreme Court explained,

> Although the condemnee . . . became the defendant, we construe the [eminent domain] statute . . . to mean that the condemnee . . . had the burden of causing the issuance of citation and the obtaining of service of such citation upon the condemnor . . . . *While the condemnor . . . as plaintiff had the burden of proving all the essentials necessary to show a right to condemnation*, [*citation omitted*] *and had the burden of going forward to trial, it was under no legal obligation to do so unless and until it had been served with citation.*

*Amason*, 682 S.W.2d at 243 (alterations in original) (quoting *Brammer*, 361 S.W.2d at 200). In other words, the fact that the City ultimately bore the burden of proof at trial is not dispositive of whether the trial court erred in dismissing the Corporation's objections.

## IV. Analysis

### A. There Was No Abuse of Discretion In the Trial Court's Decision to Dismiss the Corporation's Objections for Want of Prosecution

The Corporation first argues that the trial court erred in concluding that the City was not properly served until 2016 because it delivered a copy of its objections to Jacobson in 2008. However, absent a waiver, "[i]n a suit against an incorporated city, town, or village, citation may be served on the mayor, clerk, secretary, or treasurer." TEX. CIV. PRAC. & REM. CODE ANN. § 17.024(b) (West 2015). "Despite its use of the term 'may,' this statute has been interpreted as setting forth the *only* parties that can accept service on behalf of an incorporated city, town, or village." *Skaggs v. City of Keller, Tex.*, 880 S.W.2d 264, 266 (Tex. App.—Fort Worth 1994, writ denied). Accordingly, service of objections to the special commissioners' award on a city's attorney does not constitute proper service on a city. *Id.*[5] Here, citation was never issued with

---

[5]Moreover, the return of service indicates that a citation issued to "The City of Corsicana" was served on "The City of Corsicana," without specifying whether service was had on the City's mayor, clerk, secretary, or treasurer. Thus,

respect to the Corporation's 2008 objections to the special commissioners' award, and nothing in the record indicated that Jacobson was authorized to accept service of citation for the City or that the City waived service of citation.

Next, the Corporation argues that the trial court erred in dismissing its objections to the special commissioners' award because it failed to consider the timely filed objections and the fact that citation was later served on the City. Yet, the trial court order demonstrates that it acknowledged the objections and late service of citation, but properly applied *Brammer* in dismissing the Corporation's objections.

In *Brammer*, the Texas Supreme Court considered an "unexplained seven-year delay by a condemnee between the timely filing of his objections and the service of citation on the condemnor." *Amason*, 682 S.W.2d at 242 (citing *Brammer*, 361 S.W.2d at 199). Brammer, like the Corporation in this case, filed timely objections to the special commissioners' award, but failed to have citation issued and served for seven years, when he filed "Amended Objections to Award of Special Commssioners." *Brammer*, 361 S.W.2d at 199. *Brammer* clarified that although "Denton County, as plaintiff, had the burden of proving all the essentials necessary to show a right to condemnation and had the burden of going forward to traial [sic], it was under no legal obligation to do so unless and until it had been served with citation." *Id.* at 200 (citation omitted).

*Brammer* further "held that this unexplained delay raised a conclusive presumption that the condemnee abandoned his objections" "long before the filing of his amended objections and

---

there is a genuine question as to whether the City *ever* received proper service. Nevertheless, because the trial court found that the City was served in 2016, we will assume, without deciding, that the City was properly served for the purposes of this appeal.

9

exceptions to the award, and, therefore, was not entitled to a judicial determination of the matters presented in his objections and exceptions to the [S]pecial Commissioners' award." *Id.* at 201; *Amason*, 682 S.W.2d at 242–43. The court explained:

> Since the duty devolves upon the condemnee to cause the issuance of citation, it seems logical to say that he must act with reasonable diligence, and, upon failure to so act, the rules announced in the above cases wherein plaintiffs failed to prosecute their suits with reasonable diligence should be applicable in cases where a condemnee fails to cause the service of citation, and the question of his diligence is in issue. Brammer, so far as the citation was concerned, occupied the same status as a crossplaintiff, and having failed to act with diligence and having failed to offer any explanation for such failure, he abandoned his objections and exceptions as a matter of law.

*Brammer*, 361 S.W.2d at 201. Consequently, the Texas Supreme Court dismissed Brammer's objection to the special commissioners' award for want of prosecution and reinstated the special commissioners' award. *Id.*

Here, the Corporation filed an objection to the special commissoners' award in 2008, but never caused citation to issue. No waiver of citation is included in the appellate record. Although the Corporation caused citation to issue on an objection to the award filed in 2016, the 2016 objection was clearly untimely. In line with *Brammer*, the trial court could have deemed the Corporation's 2008 objections, which were timely, abandoned. The trial court, (1) under its inherent power, could have concluded that the Corporation failed to exercise due diligence in prosecuting its 2008 objections to the special commissioner's award, given (a) the over seven-year delay in serving the City, (b) the minimal activity in the case, (c) the fact that a trial setting was never requested, and (d) the lack of a reasonable excuse for the delay, or (2) under Rule 165a,

10

could have found that dismissal was proper because the case sat on the court's docket for over seven years without being disposed.

We conclude that the trial court did not abuse its discretion in dismissing the Corporation's objections to the special commissioners' award.

**B.     The Corporation Failed to Preserve Its Estoppel Argument**

Next, the Corporation argues that the City should be estopped from claiming that there was a want of prosecution. More specifically, the Corporation contends that, because "its Objections were (1) timely filed, (2) delivered to Appellee, (3) discovery was undertaken, and (4) no objection to service of process was made until shortly before the Motion to Dismiss for want of prosecution was filed," the Corporation could reasonably conclude that the City had waived service of citation.

While the Corporation indicated that it could reasonably conclude that the City's attorney could accept service on behalf of the City, the Corporation did not raise the estoppel argument. Rule 33.1 of the Texas Rules of Appellate Procedure mandates:

> As a prerequisite to presenting a complaint for appellate review, the record must show that:
>      (1)     the complaint was made to the trial court by a timely request, objection, or motion that:
>           (A)     stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context; and
>      . . . .
>      (2)     the trial court:
>           (A)     ruled on the request, objection, or motion, either expressly or implicitly; or
>           (B)     refused to rule on the request, objection, or motion, and the complaining party objected to the refusal.

TEX. R. APP. P. 33.1. Because the Corporation did not raise the issue of estoppel with the trial court, it has failed to preserve the argument for appeal. Accordingly, we overrule the Corporation's last point of error.

**IV.     Conclusion**

We affirm the trial court's judgment.


                                            Ralph K. Burgess
                                            Justice


Date Submitted:     September 28, 2016
Date Decided:       November 29, 2016