

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-16-00005-CV
_____

PATRICK AND JODEE PENCE, APPELLANTS

V.

S&D BUILDERS, LLC, S&D DEVELOPMENT, LLC, LANGE CUSTOM BUILDERS, LLC, STEVEN M. LANGE, SUMMIT OAK HOMES, LLC AND DAVID C. OESTREICH, APPELLEES

On Appeal from the 274th District Court
Comal County, Texas
Trial Court No. C2007-1311C; Honorable Dib Waldrip, Presiding

December 11, 2017

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ

Appellants, Patrick and Jodee Pence, appeal from the trial court's order dismissing their breach of contract case against Appellees, S&D Builders, S&D Development, LLC, Lange Custom Builders, LLC, Steven M. Lange, Summit Oak Homes, LLC, and David C. Oestreich (hereinafter collectively "S&D"). By a single issue, the Pences contend the trial

court abused its discretion in dismissing their case for want of prosecution.[1] We reverse and remand.

BACKGROUND

In 2005, the Pences and S&D entered into a contract for construction of a home. For the next few years, the Pences reported numerous problems with the home and eventually filed a complaint against S&D with the Texas Residential Construction Commission for not addressing defects with the new home.

When the defects were not resolved, in late 2007, the Pences filed suit alleging numerous claims, including breach of contract against S&D. They also requested a jury. In 2009, the Pence's suit was transferred to the trial court's "drop docket" and notice was provided that the suit would be dismissed for want of prosecution on August 19, 2009. The notice instructed the Pences that a motion to retain the suit on the docket was required to be filed no later than August 17th. The Pences moved to retain the suit on the docket and the trial court signed an order setting the case for a nonjury trial to begin on November 17, 2009.

Thereafter, S&D moved to abate the case and compel the Pences to arbitration pursuant to the terms of their contract. By order entered on November 9, 2009, the parties agreed to remove the case from the trial docket and submit the dispute to arbitration.

---

[1] Originally appealed to the Third Court of Appeals, this appeal was transferred to this court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001 (West 2013). Should a conflict exist between precedent of the Third Court of Appeals and this court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3

However, no arbitration or activity occurred for several years and the case remained pending while the Pences were without legal counsel.

On July 17, 2013, the case was again transferred to the trial court's "drop docket" with a notice advising that a motion to retain setting forth good cause to avoid dismissal was required to be filed no later than August 26, 2013. This time the trial court ordered that the case be retained on the docket with a new trial setting of October 29, 2013. Again, for reasons unknown, trial did not proceed as scheduled.

Meanwhile, between March 16, 2014, and May 16, 2014, counsel for the Pences sent three letters to S&D asking for its cooperation to move forward with arbitration. None of the letters were answered and S&D's attorneys apparently withdrew from the case. In July 2014, the Pences filed a *Motion to Enforce Order to Compel Arbitration.*

The next month, S&D filed a *Suggestion of Bankruptcy* that further stayed the proceedings. Due to the bankruptcy, the Pences asked the trial court to cancel a setting scheduled for August 20, 2014. In August 2015, after the automatic stay was lifted on S&D's bankruptcy, the Pences amended their petition to add new parties and claims. S&D answered and filed a counterclaim on September 2, 2015.

On September 22, 2015, counsel for S&D sent a facsimile to the Pences' counsel confirming that the parties had agreed to litigate the case and waive their rights to enforce arbitration under their contract. However, the very next day, S&D filed its *Motion to Dismiss for Want of Prosecution* citing a violation of Rule 165a of the Texas Rules of Civil Procedure as well as the trial court's inherent power to dismiss a case for want of prosecution.

On September 29, 2015, the Pences filed their motion to set the case for trial on the court's jury docket for January 18, 2016. S&D then filed a motion to strike the Pences' request for a jury trial based on their original contract which provided, in part, that the purchaser (here the Pences) "voluntarily and knowingly waives any right he/she may have to a jury trial." Subject to its motion to strike the Pences' request for a jury trial setting, S&D requested that the January 2016 jury trial setting be continued to a date that was mutually convenient to the parties and their counsel.

On October 19, 2015, the Pences responded to S&D's motion to dismiss by blaming S&D for the numerous delays and its refusal to cooperate with court-ordered arbitration. The Pences alleged that there was a jury trial setting for January 18, 2016, and that S&D had failed to comply with the procedural requirements of Rule 165a of the Texas Rules of Civil Procedure for seeking a dismissal for want of prosecution. Specifically, they complained that S&D failed to give adequate notice of the trial court's intent to dismiss under either Rule 165a or the trial court's inherent power. A hearing was held on October 21st. Following that hearing, on November 6, 2015, the trial court granted the motion for dismissal for want of prosecution without specifying whether it was based on a violation of Rule 165a or on its inherent power.

APPLICABLE LAW

A trial court's authority to dismiss a case for want of prosecution stems from two sources: (1) Rule 165a of the Texas Rules of Civil Procedure and (2) the court's inherent power. *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 620 (Tex. 1999). A party must be provided notice and an opportunity to be heard before a court may dismiss a case for want of prosecution. *Id.*

4

Under Rule 165a, the court may dismiss a case for want of prosecution on "failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice." TEX. R. CIV. P. 165a. Dismissal is also appropriate when a case is not disposed of within the time standards promulgated by the Supreme Court under its Administrative Rules. *Id.* at (2).[2] The trial court has the inherent power to dismiss a case independently of Rule 165a when a plaintiff fails to prosecute his case with due diligence. *Villarreal*, 994 S.W.2d at 630 (citing *Rizk v. Mayad*, 603 S.W.2d 773, 776 (Tex. 1980)).

Notice to a party and an opportunity to be heard before dismissing a case for want of prosecution is essential whether dismissed under Rule 165a or the court's inherent power. *General Elec. Co. v. Falcon Ridge Apartments*, *Joint Venture*, 811 S.W.2d 942, 943 (Tex. 1991). *Notice of the court's intention to dismiss and the date and place of the dismissal hearing shall be sent by the clerk to each attorney of record . . . ."* (Emphasis added). TEX. R. CIV. P. 165a(1). Due process requires that adequate notice be given before an order is entered dismissing a suit for want of prosecution and failure to provide adequate notice of the trial court's intent to dismiss for want of prosecution requires reversal. *Donnell v. Spring Sports*, *Inc.*, 920 S.W.2d 378, 386 (Tex. App.—Houston [1st Dist.] 1996, writ denied).

STANDARD OF REVIEW

We apply an abuse of discretion standard when reviewing a dismissal for want of prosecution. *James B. Bonham Corp. v. City of Corsicana*, 528 S.W.3d 554, at *2 (Tex.

---

[2] Rule 6.1(b) of the Rules of Judicial Administration provide that a civil case (other than family law) be disposed of within eighteen months from the appearance date for a jury trial or within twelve months for a nonjury trial.

App.—Texarkana 2016, no pet.). A trial court abuses its discretion when it acts without reference to any guiding rules and principles. *Quixtar Inc. v. Signature Mgmt. Team*, *LLC*, 315 S.W.3d 28, 31 (Tex. 2010) (citing *Downer v. Aquamarine Operators*, *Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985)). Where the dismissal order does not specify the reason for dismissal, it will be affirmed on any proper ground. *Seals v. Seals*, 83 S.W.3d 870, 873 (Tex. App.—Texarkana 2002, no pet.).

ANALYSIS

By its sole issue, the Pences maintain the trial court abused its discretion in dismissing their suit under the circumstances of this case. We agree.

We acknowledge that the underlying case has a long and arduous history with numerous substitutions of counsel on both sides and that it had been pending on the docket of the trial court for an inordinate amount of time. The Pences blame the delays on S&D, its bankruptcy, and its dilatory practices. Twice before the trial court accepted the Pences' explanations for delays and removed the case from its drop docket in 2009 and again in 2013. After the case was retained on the court's docket in 2009, S&D moved to compel arbitration; however, S&D did not cooperate. When the court again retained the case on the docket in 2013 and set a new trial date, S&D's counsel wrote the court administrator and requested that the case be removed from the trial docket so the matter could proceed to arbitration.

Despite its request to remove the case from the trial docket to arbitrate the matter, S&D failed to answer three letters sent over a three-month period in 2014 when the Pences moved to enforce the prior order to compel arbitration. S&D then filed its

*Suggestion of Bankruptcy* resulting in an additional delay. On September 23, 2015, just one day after the parties agreed to waive the rights to enforce the arbitration provision in their contract and proceed to trial, S&D moved to dismiss the case for want of prosecution.

The Pences then promptly set the case for trial and a *Notice of Hearing* showing a jury trial setting for January 18, 2016, was issued. At a hearing on October 21, 2015, S&D's counsel indicated to the trial court that he was unavailable for the January 18 trial setting. At that same hearing, counsel for the Pences indicated that they would waive a jury trial if the case could just be tried. The trial court then set aside December 1, 2015, for a nonjury trial setting and both counsel announced that they would be available.

On November 5, 2015, counsel for the Pences contacted the trial court's staff and indicated that although he would be available on December 1, his clients would not be available until after December 16. The next day, without a hearing or further notice to the parties of its intent to dismiss the case, the trial court signed an order dismissing the Pences' lawsuit. Although the order acknowledges the previous January 2016 jury trial setting and the December 1 non-jury trial alternative, the court noted:

> Yesterday, [the Pences'] counsel called the Court's staff to inform the Court that although he would be ready on December 1st that his clients would not be available until after December 16th. This Court has no available 2015 dockets after the 15th, and considering the entire protracted history of the case, including this case's complete dormancy from November 2009 through August 2014, the Court finds that eight years is in excess of sufficient time to try a two-day case. Thus, the Court further concludes the matter should not be carried over into a ninth year, and the case is **DISMISSED**.

The tone of the order expresses the exasperation of the trial court in trying to get the matter to trial. When the apparently-agreed-to nonjury trial setting of December 1,

7

2015, was in jeopardy, the mere suggestion that a new ground for continuance was on the horizon was evidently more than the trial court could take.  With a trial setting in place and without sending any notice of its new intent to dismiss the case for want of prosecution, the trial court *sua sponte* signed an order of dismissal.  At that point, whether the Pences had exercised due diligence in the prosecution of their case was not the question.  Instead, the disposition of this appeal turns on the lack of notice of the court's newly-formed intent to dismiss the case for want of prosecution.  Without notice, reversal is warranted.  *See Donnell*, 920 S.W.2d at 386.  Accordingly, we find it was an abuse of discretion to dismiss the Pences' claims for want of prosecution.  *General Elec. Co.*, 811 S.W.2d at 943.  The Pences' sole issue is sustained.

CONCLUSION

The trial court's *Order Dismissing Cause for Want of Prosecution* is reversed and the cause is remanded to the trial court for further proceedings.

Patrick A. Pirtle
Justice

8