

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00353-CV

JERRY BYROM, APPELLANT

V.

ROY P. ANDERSON, DAVID S. BOUSCHOR, LAW OFFICE
OF DAVID S. BOUSCHOR II, PC, AND DUANE L. COKER, APPELLEES

On Appeal from the 211th District Court
Denton County, Texas[1]
Trial Court No. 2011-30018-211, Honorable Bob Brotherton, Presiding

February 10, 2020

## MEMORANDUM OPINION

Before PIRTLE and PARKER and DOSS, JJ.

Appellant Jerry Byrom appeals from the trial court's summary judgment dismissing his claims against appellees David S. Bouschor and the Law Office of David S. Bouschor II, PC, and the dismissal for want of prosecution dismissing his claims against appellees Roy P. Anderson and Duane L. Coker.  We affirm the judgment of the trial court.

---

[1] Pursuant to the Texas Supreme Court's docket equalization efforts, this case was transferred to this Court from the Second Court of Appeals.  See TEX. GOV'T CODE ANN. § 73.001 (West 2013).

## Background

Byrom's claims arise from a guardianship proceeding over his mother and the subsequent administration of her estate. Anderson served as temporary guardian of Ms. Byrom's estate and was represented by David S. Bouschor of the Law Office of David S. Bouschor II, PC (collectively, "Bouschor"). Coker served as Ms. Byrom's attorney ad litem. Byrom was the temporary guardian of his mother's person and, later, the independent executor of her estate.[2] As independent executor, Byrom rejected a claim filed by Anderson for temporary guardian's fees and attorney's fees. Anderson filed a motion to remove Byrom as independent executor or to require him to post a bond. Following a hearing, the probate court removed Byrom as independent executor but did not discharge him. The probate court also ordered Byrom to deposit $85,000 into the registry of the court. Byrom did not comply with the order, and Anderson filed a motion to enforce the order by contempt. Following a hearing, the court held Byrom in civil contempt. He was subsequently confined in the Cherokee County Jail. Byrom filed an application for writ of habeas corpus, which the trial court denied.

Byrom then filed an original habeas proceeding in the Twelfth Court of Appeals. *See In re Byrom*, 316 S.W.3d 787 (Tex. App.—Tyler 2010, orig. proceeding). The appellate court held that the contempt order was void and that Byrom had been illegally restrained. *Id.* at 793. Accordingly, Byrom was ordered discharged. He was released from jail on January 30, 2010.

---

[2] Ms. Byrom died on February 5, 2005.

On January 14, 2011, Byrom filed suit against appellees for allegedly causing his unlawful incarceration and violating his civil rights. Byrom alleged claims for false imprisonment, negligence per se, conspiracy, intentional infliction of emotional distress, and a violation of 42 U.S.C. § 1983. By his first amended petition, filed in 2012, Byrom eliminated his claim for intentional infliction of emotional distress and added a claim for malicious prosecution.

Bouschor filed traditional and no-evidence motions for summary judgment addressing all claims raised by Byrom. The trial court granted Bouschor's motions on November 15, 2012, without specifying the grounds for its decision.

Like Bouschor, Anderson and Coker filed both traditional and no-evidence motions for summary judgment. On December 17, 2013, the trial court granted Anderson and Coker's motions in part, dismissing the claims of negligence per se, civil conspiracy, and malicious prosecution, but denying summary judgment on the claims for false imprisonment and a violation of 42 U.S.C. § 1983. In February of 2015, Anderson and Coker filed their second traditional and no-evidence motions for summary judgment, addressing the two remaining claims. The court administrator notified the parties that their motions were denied in March of 2015, but no order was entered. The presiding judge then retired. Over the next few months, the presiding judge of the Eighth Administrative Judicial Region assigned eight different judges to preside over the case; all of them recused themselves. Then, in September of 2015, Judge Woodlock was appointed and accepted his appointment to preside over the case. In January of 2016, the trial court entered an order denying Anderson and Coker's second motions for

summary judgment.  Anderson and Coker filed a motion to reconsider, which was denied in July of 2016.

On March 27, 2018, Anderson and Coker filed a motion to dismiss for want of prosecution, seeking the dismissal of Byrom's remaining claims.  Following a hearing on the motion, the trial court dismissed the case by order dated August 31, 2018.[3]  Byrom timely filed this appeal.

Discussion

Issue No. 1: Dismissal of Claims against Anderson and Coker

In his first issue, Byrom contends that the trial court erred in dismissing his claims for want of prosecution.  We apply an abuse of discretion standard when reviewing a dismissal for want of prosecution.  *James B. Bonham Corp. v. City of Corsicana*, 528 S.W.3d 554, 557 (Tex. App.—Texarkana 2016, no pet.).  A trial court abuses its discretion when it acts without reference to any guiding rules and principles.  *Quixtar Inc. v. Signature Mgmt. Team, LLC*, 315 S.W.3d 28, 31 (Tex. 2010) (per curiam).

A trial court's authority to dismiss a case for want of prosecution stems from two sources: (1) Rule 165a of the Texas Rules of Civil Procedure and (2) the court's inherent power.  *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999).  A trial court may dismiss under Rule 165a upon the "failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice," or when a case is "not disposed of within the time standards promulgated by the Supreme Court . . . ."  TEX.

---

[3] Judge Woodlock, who had presided over the case since September of 2015, died on May 19, 2018.  Judge Brotherton was assigned to the case in July of 2018.

R. CIV. P. 165a(1), (2).[4]  In addition, under the common law, trial courts are vested with the inherent power to dismiss independently of the Rules of Civil Procedure when a plaintiff fails to prosecute his case with due diligence.  *Villarreal*, 994 S.W.2d at 630.  In determining whether a plaintiff has prosecuted his case with due diligence, "[t]he trial court may consider the entire history of the case, including the length of time the case was on file, the amount of activity in the case, the request for a trial setting[,] and the existence of reasonable excuses for delay."  *Nawas v. R & S Vending*, 920 S.W.2d 734, 737 (Tex. App.—Houston [1st Dist.] 1996, no writ).  If the dismissal order does not specify the reason for dismissal, it will be affirmed on any proper ground.  *Seals v. Seals*, 83 S.W.3d 870, 873 (Tex. App.—Texarkana 2002, no pet.).

To avoid dismissal for want of prosecution, Byrom had the burden to establish that he prosecuted his suit with reasonable diligence.  *See In re Conner*, 458 S.W.3d 532, 534 (Tex. 2015) (orig. proceeding) (per curiam) ("A plaintiff has a duty to prosecute the suit to a conclusion with reasonable diligence, failing which a trial court may dismiss for want of prosecution." (internal quotation marks omitted)).  The record reveals that the motion to dismiss was filed more than seven years after Byrom filed suit in January 2011.  Byrom did not present any evidence at the hearing on the motion to dismiss, nor did he attach evidence to his response to the motion.  He did, however, argue that the case had gone

---

[4] Rule 6 of the Rules of Judicial Administration provides that civil jury trials, other than family law matters, must be disposed of within eighteen months from the appearance date.  *See* TEX. R. JUD. ADMIN. 6, *reprinted in* TEX. GOV'T CODE ANN. tit. 2, subtit. F app. (West Supp. 2019).

through several judges, he had never sought a continuance, and the case had been set for trial "several times."[5]

Even if we were to assume that Byrom diligently prosecuted his case from 2011 to 2015, we are still left with a long stretch of inactivity from November of 2015, when Byrom filed a motion to enter an order denying Anderson and Coker's second motions for summary judgment, until the motion to dismiss was filed in March of 2018. In his response to the motion to dismiss, at the hearing on the motion, and in his appellate brief, Byrom asserts that, during this time period, he was waiting for the trial court to take action on the case. Byrom claims that in July of 2016, the trial court informed the parties that it would decide on the date for trial, and that Byrom was therefore awaiting word of this setting at the time of Judge Woodlock's death in May of 2018. The record does not reflect any action by Byrom to actively prosecute the case in the interim, including making any requests for a trial setting.

Litigants are required to act as ordinary prudent persons under the same or similar circumstances. *Manning v. North*, 82 S.W.3d 706, 713 (Tex. App.—Amarillo 2002, no pet.). Based upon the record before us, the trial court could have reasonably concluded that Byrom did not act reasonably in taking no action to move his case toward resolution or determine why it had not been set for trial, and that his inaction constituted a failure to prosecute his claims against Anderson and Coker with due diligence. Therefore, we find

---

[5] Our review of the record reveals just two trial settings: one for July 27, 2015, and one for November 16, 2015, both of which were canceled.

no abuse of discretion in the trial court's decision to dismiss those claims for want of prosecution. Accordingly, we overrule Byrom's first issue.

Issue No. 2: Summary Judgment in Favor of Bouschor

Byrom asserts, in his second issue, that "[t]he trial court erred in granting summary judgment for [Bouschor] as the uncontroverted actions of said defendants established a fact question for the jury."

As set forth above, the trial court granted both Bouschor's traditional and no-evidence motions for summary judgment. Although we would normally address the no-evidence motion first when both no-evidence and traditional summary judgment motions are filed, *see Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004), in this case we will review the propriety of granting the traditional motion for summary judgment first because it is dispositive. *See* TEX. R. APP. P. 47.1.

Bouschor raised several grounds in his traditional motion for summary judgment. When a litigant presents multiple grounds for summary judgment and the summary judgment does not specify the ground upon which the trial court rendered its judgment, the appellant must negate all grounds on appeal. *See State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 381 (Tex. 1993); *Raines v. Hale*, No. 07-17-00288-CV, 2018 Tex. App. LEXIS 2232, at *4 (Tex. App.—Amarillo Mar. 28, 2018, no pet.) (mem. op.). Given the nature of the summary judgment entered by the trial court, Byrom had the burden to demonstrate on appeal that none of the grounds in Bouschor's motion supported the trial court's ruling. He has failed to do so.

Here, the first argument raised in Bouschor's traditional motion for summary judgment was attorney immunity. Bouschor argued that all of Byrom's claims against him are barred because they arise from actions taken within the scope of his legal representation of Byrom's adversary, Anderson, in the underlying lawsuit. Attorneys have qualified immunity from civil liability to non-clients "for actions taken in connection with representing a client in litigation." *Alpert v. Crain, Caton & James, P.C.*, 178 S.W.3d 398, 405 (Tex. App.—Houston [1st Dist.] 2005, pet. denied); *see also Toles v. Toles*, 113 S.W.3d 899, 910-11 (Tex. App.—Dallas 2003, no pet.) ("[A]n attorney's conduct, even if frivolous or without merit, is not actionable as long as the conduct was part of the discharge of the lawyer's duties in representing his or her client.") (citing *Chapman Children's Trust v. Porter & Hedges, L.L.P.*, 32 S.W.3d 429, 441 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).

Although Byrom has raised a general issue challenging the trial court's summary judgment on his claims against Bouschor, he has not challenged all possible grounds for summary judgment. Specifically, Byrom's brief contains no argument or discussion of alleged error by the trial court in granting summary judgment on the basis of attorney immunity. If an appellant does not challenge each possible ground for summary judgment, we must uphold the summary judgment on the unchallenged ground. *See Jarvis v. Rocanville Corp.*, 298 S.W.3d 305, 313 (Tex. App.—Dallas 2009, pet. denied). Because Byrom has not challenged this ground for summary judgment on appeal, we affirm the summary judgment and overrule Byrom's second issue.

Conclusion

Having overruled both of Byrom's issues on appeal, we affirm the judgment of the trial court.


Judy C. Parker
Justice