

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-21-00080-CV

_____

PATRICK PENCE AND JODEE PENCE, APPELLANTS

V.

S&D BUILDERS, LLC; S&D DEVELOPMENT, LLC;
LANGE CUSTOM BUILDERS, LLC; STEVEN M. LANGE;
SUMMIT OAK HOMES, LLC, AND DAVID C. OESTREICH, APPELLEES

On Appeal from the 274th District Court
Comal County, Texas
Trial Court No. C2007-1311C; Honorable Dib Waldrip, Presiding

December 15, 2021

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

"Delay haunts the administration of justice. It postpones the rectification of wrong and the vindication of the unjustly accused." *S. Pac. Transp. Co. v. Stoot*, 530 S.W.2d 930, 931 (Tex. 1975).

The underlying suit for breach of a construction contract originated in 2007 and has now been dismissed a second time for want of prosecution.[1] This court reversed the trial court's prior dismissal for want of prosecution in 2017 based on the technicality of the failure of Appellants, Patrick and Jodee Pence, to receive proper notice of the dismissal order. *See Pence v. S&D Builders, LLC*, No. 07-16-00005-CV, 2017 Tex. App. LEXIS 11501, at *9 (Tex. App.—Amarillo Dec. 11, 2017, pet. denied) (mem. op.). Seeking to again overturn the trial court's dismissal order, by their original appellate brief and reply brief, the Pences allege the trial court abused its discretion in refusing to consider their "reasonable explanations" and dismissing their suit in favor of Appellees, S&D Builders, LLC, S&D Development, LLC, Lange Custom Builders, LLC, Steven M. Lange, Summit Oak Homes, LLC, and David C. Oestreich (hereafter S&D Builders for matters occurring after August 2015). This time, we affirm.

### BACKGROUND[2]

In 2005, the Pences and S&D Builders entered into a contract for construction of a home. Over the next few years, the Pences reported numerous problems concerning

---

[1] Originally appealed to the Third Court of Appeals, sitting in Austin, this appeal was transferred to this court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001 (West 2013). Should a conflict exist between precedent of the Third Court of Appeals and this court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

[2] We note that S&D takes issue with the Pences' *Statement of Facts* in their original brief as being "misleading and unreliable." Our recitation of facts is based on the appellate record which consists of the official trial clerk's record and reporter's record. S&D called into question the Pences' status as retired members of the military which they allude to in their original brief. In the appendix to their reply brief, they have included documentation to support their military service. Documents or exhibits included in the appendix of an appellate brief that do not appear in the trial court record may not be considered on direct appeal. *Estes v. Spears*, No. 07-19-00375-CV, 2020 Tex. App. LEXIS 7498, at *4-5 (Tex. App.—Amarillo Sept. 16, 2020, no pet.) (mem. op.).

alleged defects to S&D Builders. When the complaints were not addressed, they filed suit in 2007, alleging various claims including breach of contract.

In 2009, the Pences' suit was transferred to the trial court's "DWOP docket." Notice was provided that the suit would be dismissed for want of prosecution on August 19, 2009. The notice also instructed the Pences that a motion to retain the suit on the docket was required to be filed no later than August 17 by 4:30 p.m. The Pences moved to retain the suit on the docket and the trial court signed an order setting the case for a non-jury trial to begin on November 17, 2009.

Several months later, S&D Builders moved to abate the case and compel the Pences to arbitration pursuant to the terms of their contract. By order entered on November 9, 2009, the parties agreed to arbitration. However, there was no arbitration or activity for several years and the case remained pending while the Pences were without legal counsel.

On July 17, 2013, the case was again transferred to the "DWOP docket" with a notice advising that a motion to retain setting forth good cause to avoid dismissal was required to be filed no later than August 26, 2013, by 4:30 p.m., or the case would be dismissed on August 28, 2013. Two days later, the trial court ordered that the case be retained on the docket with a non-jury trial setting of October 29, 2013. The case did not, however, proceed to trial.

On March 17, 2014, the Pences' new counsel filed an appearance. Over the next few months, counsel sent three letters to S&D Builders asking for its cooperation to move forward with arbitration. None of the letters were answered. S&D Builder's counsel was

3

allowed to withdraw on May 9, 2014.  In July 2014, the Pences filed a *Motion to Enforce Order to Compel Arbitration.*  A hearing on the motion was initially scheduled for July 22, 2013, and then again for August 20, 2014.  Due to a *Suggestion of Bankruptcy* filed by S&D Builders on August 18, 2014, the proceedings were stayed and the hearing was canceled.

In August 2015, after the bankruptcy automatic stay was lifted, the Pences amended their petition to add new parties and additional claims.  S&D Builders answered and filed a counterclaim on September 2, 2015.  On September 22, 2015, counsel for S&D Builders sent a facsimile to the Pences' counsel confirming that the parties had opted to litigate the case and waive their rights to enforce arbitration under their contract.  The very next day, S&D Builders filed its *Motion to Dismiss for Want of Prosecution* citing as grounds a violation of Rule 165a of the Texas Rules of Civil Procedure and the trial court's inherent power to dismiss a case for want of prosecution.[3]

A hearing on S&D Builders's motion to dismiss was held on October 21, 2015.  On November 6, 2015, the trial court granted the motion for want of prosecution without specifying whether it was based on a violation of Rule 165a or on its inherent power.  The Pences appealed that order which resulted in a reversal of the trial court's order for failure to provide proper notice.  *See Pence*, 2017 Tex. App. LEXIS 11501, at *9.  This court's mandate issued on March 12, 2019.

---

[3] Rule 165a.2 references the standards promulgated by the Supreme Court in Rule 6 of the Texas Rules of Judicial Administration.  Rule 6.1(a) provides that civil cases other than family law cases be brought to trial within eighteen months from appearance date for jury cases and within twelve months from appearance date in nonjury cases.  TEX. R. JUD. ADMIN. 6.1(a).

A few months later on May 22, 2019, the Pences moved to substitute James W. Goldsmith for Aaron Haas after Haas was elected as a trial judge.[4]  The motion was not submitted to the trial court until August 29, 2020.  Mr. Goldsmith never made an appearance, and on October 30, 2020, the Pences moved to substitute Charles W. Sullivan, the sixth attorney since commencement of the suit, for Mr. Goldsmith.  On November 18, 2020, the trial court held a brief virtual hearing and signed an order on December 9, 2020, granting the motion to substitute counsel.

The clerk's record reflects that the next activity in the case, a *Motion for Level 3 Discovery Control Plan,* was filed by the Pences' most recent counsel on January 21, 2021.  A hearing on the motion was set for March 4, 2021.  On February 25, 2021, S&D Builders and the other defendants added by the Pences in their amended petition filed a *Motion to Dismiss for Want of Prosecution*.  Both motions were heard at a virtual hearing on March 4, 2021.  Counsel for S&D Builders presented the trial court with a timeline of the underlying suit from 2005 to the pending motions in 2021.  On March 5, 2021, the trial court signed an order granting the motion to dismiss.  Nothing in the record indicates that the Pences sought post-dismissal relief.  They again appeal dismissal of their suit.

### APPLICABLE LAW

A trial court's authority to dismiss a case for want of prosecution stems from two sources:  (1) Rule 165a of the Texas Rules of Civil Procedure and (2) the court's inherent

---

[4] The clerk's record reflects that the Pences have been represented by Michael Morris, Jason B. Speights, Aaron Haas, James W. Goldsmith, and Charles W. Sullivan.  Citing Rule 201 of the Texas Rules of Evidence, S&D Builders requests that this court take judicial notice that Shannon R. Salmon-Haas also represented the Pences and filed a "Notice of Appearance" and moved to substitute for Aaron Haas in 2018, after he was elected as a trial judge.  The Supreme Court granted her motion.  Her signature appears on Mr. Goldsmith's motion to substitute.

power. *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 620 (Tex. 1999). Under Rule 165a, the court may dismiss a case for want of prosecution on "failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice." TEX. R. CIV. P. 165a. Dismissal is also appropriate when a case is not disposed of within the time standards promulgated by the Supreme Court under its Administrative Rules. *Id.* at 165a(2). Rule 165a(2) references the standards promulgated by the Supreme Court in Rule 6 of the Texas Rules of Judicial Administration. Rule 6.1(a) provides that civil cases other than family law cases be brought to trial within eighteen months from appearance date for jury cases and within twelve months from appearance date in nonjury cases. TEX. R. JUD. ADMIN. 6.1(a). The trial court also has the inherent power to dismiss a case independently of Rule 165a when a plaintiff fails to prosecute his case with due diligence. *Villarreal*, 994 S.W.2d at 630 (citing *Rizk v. Mayad*, 603 S.W.2d 773, 776 (Tex. 1980)).

### STANDARD OF REVIEW

We apply an abuse of discretion standard when reviewing a dismissal for want of prosecution. *James B. Bonham Corp. v. City of Corsicana*, 528 S.W.3d 554, 557 (Tex. App.—Texarkana 2016, no pet.) (citations omitted). A trial court abuses its discretion when it acts without reference to any guiding rules and principles. *Quixtar Inc. v. Signature Mgmt. Team, LLC*, 315 S.W.3d 28, 31 (Tex. 2010) (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985)). Where the dismissal order does not specify the reason for dismissal, it will be affirmed on any proper ground. *Seals v. Seals*, 83 S.W.3d 870, 873 (Tex. App.—Texarkana 2002, no pet.).

**ANALYSIS**

By a sole issue, the Pences contend the trial court abused its discretion in dismissing their appeal for want of prosecution for a second time. We disagree.

It is undisputed that this case was not disposed of within the time limits set by the Texas Supreme Court in Rule 6.1(a) of the Texas Rules of Judicial Administration. Fourteen years after the Pences filed the underlying suit and six attorneys later, there has not been any progress on the merits of the suit. The Pences contend that the delay since this court issued mandate in 2019 is reasonable because their counsel at that time, Mr. Haas, became a sitting trial judge. On May 22, 2019, they moved to substitute their counsel but a notation on the motion indicates the motion would not be *presented* to the trial court until counsel for S&D Builders agreed to the substitution.[5] An order granting the substitution was not signed until December 9, 2020. The order does not provide that the substitution was granted because the prior attorney ascended to the trial bench. All of the Pences' references in their brief to the prior attorney becoming a sitting judge are not reflected in the official appellate record. *See Herczeg v. 5005 SSR*, *LLC*, No. 03-19-00760-CV, 2021 Tex. App. LEXIS 7256, at *9 n.4 (Tex. App.—Austin Aug. 31, 2021, no pet.) (mem. op.) (noting that facts or matters referenced in briefs that are outside the appellate record are not considered in analysis on appeal). Nor did the Pences request that this court take judicial notice of that fact under Rule 201 of the Texas Rules of Evidence.

---

[5] In their original brief, the Pences recite that "the trial court was not willing to sign an order on the substitution" without an agreement from S&D Builders's counsel.

7

Neither did the Pences argue that their attorney had become a sitting trial judge at the hearing on the motion to dismiss. There was no mention that their attorney having been elected as a sitting judge prevented them from progressing with their suit. To preserve error, a party's argument on appeal must comport with the argument presented to the trial court. TEX. R. APP. P. 33.1(a); *McCarrell v. Dunham & Jones Attys. at Law*, *P.C.*, No. 03-19-00783-CV, 2020 Tex. App. LEXIS 6336, at *12 (Tex. App.—Austin Aug. 12, 2020, no pet.) (mem. op.). The Pences are presenting arguments on appeal that they did not present to the trial court, and we may not consider them.

Even if the Pences had preserved their complaint that any delay in the last several years has been reasonable due to Mr. Haas not having officially withdrawn after being elected as a trial judge, the Pences' subsequent counsel, who moved to substitute on May 22, 2019, was not prevented from acting on their behalf. Rule 8 of the Texas Rules of Civil Procedure, which provides the procedure for designating the "attorney in charge" does not prevent a party from having other counsel act on its behalf. *See City of Tyler v. Beck*, 196 S.W.3d 784, 787 (Tex. 2006) (noting that "nothing in [Rule 8] indicates that a motion filed by an attorney other than the designated attorney in charge is void or that other attorneys are not authorized to act on behalf of the party").

The Pences also argue that based on the State's emergency orders during the Covid-19 pandemic, other trial courts cancelled their dismissal dockets but Comal County did not. We note that this case was remanded to the trial court after mandate issued in March 2019, one year before the pandemic resulted in emergency orders and delays. Again, this argument was not presented to the trial court at the hearing on the motion to dismiss and we may not consider it now. *McCarrell*, 2020 Tex. App. LEXIS 6336, at *12.

Whether the Pences exercised due diligence in prosecuting their case is generally a question of fact. *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997). In making a due diligence determination, the trial court is permitted to consider the entire history of the case. *See State v. Rotello*, 671 S.W.2d 507, 509 (Tex. 1984). Factors the trial court considers are (1) the length of time the case was on file; (2) the extent of the activity in the case; (3) whether a trial setting was requested; and (4) the existence of reasonable excuse for the delay. *WMC Mortgage Corp. v. Starkey*, 200 S.W.3d 749, 752 (Tex. App.—Dallas 2006, pet. denied).

Here, the case has been pending for fourteen years. The record does not demonstrate any due diligence by the Pences in advancing the merits of their suit. The most recent activity following this court's mandate in March 2019 was a motion for discovery control. Such activity is not significant in addressing the merits of the case. At the hearing on the motion to dismiss, the Pences claimed to have obtained a trial setting for November 8, 2021. Counsel for S&D Builders advised the trial court that he was unaware of any trial setting.[6] The setting of a trial date alone "does not establish reasonable diligence." *Coven v. Heatley*, 715 S.W.2d 739, 741 (Tex. App.—Austin 1986, writ ref'd n.r.e.).

In conclusion, there are a plethora of cases finding that much shorter delays than fourteen years in prosecuting a case justify dismissal for want of prosecution. *See In re*

---

[6] In the appendix to their reply brief, the Pences have included an affidavit from an employee of the law firm which currently represents them to support their argument that they secured a trial date for November 8, 2021. As previously noted, documents included with a brief that are not a part of the record will not be considered on appeal. *See supra* n.2. Additionally, an affidavit that is outside the official record may not be considered on direct appeal. *Id.* (citing *Sabine Offshore Serv.*, *Inc. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex. 1979) (per curiam)).

*Conner*, 458 S.W.3d 532, 535 (Tex. 2015) (conditionally granting mandamus relief after finding abuse of discretion by the trial court in not dismissing a nearly decade-long suit for want of prosecution); *Stoot*, 530 S.W.2d at 931 (affirming the trial court's dismissal for want of prosecution after a three-year delay); *Preslar v. Garcia*, No. 03-13-00449-CV, 2014 Tex. App. LEXIS 2156, at *8 (Tex. App.—Austin Feb. 26, 2014, no pet.) (mem. op.) (finding a twenty-one-month delay without a reasonable excuse to be a lack of due diligence); *Harrison v. City of New Braunfels*, No. 03-02-00645-CV, 2004 Tex. App. LEXIS 3031, at *8-9 (Tex. App.—Austin March 4, 2004, pet. denied) (mem. op.) (finding that after mandate issued in 1998 in a case that originated in 1995, and after the case was remanded to the trial court, a prolonged delay in significant activity justified dismissal for want of prosecution in 2002).  Accordingly, we conclude the trial court did not abuse its discretion under either Rule 165a or its inherent power in once again dismissing a suit that had been pending for fourteen years without significant activity since this court's mandate issued in March 2019.  The Pences' sole issue is overruled.

### CONCLUSION

The trial court's order dismissing the Pences' suit for want of prosecution is affirmed.

Patrick A. Pirtle
Justice

10